### EDGELL et al. v. CLARKE.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

INJUNCTION—RESTRAINING ACTION IN ANOTHER STATE.

The courts of New York will not enjoin the prosecution in another state of an action between citizens of New York merely because the rule in such other state as to evidence of transactions with decedents is more liberal than in New York, and the action involves such transactions.

Appeal from special term, New York county.

Action by George S. Edgell and others against Fabius M. Clarke. From an order denying a motion for a preliminary injunction, plaintiffs appeal. Affirmed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

William J. Kelly, for appellants.
Charles E. Hughes, for respondent.

INGRAHAM, J. The defendant brought an action in Mississippi against the plaintiff Edgell, as surviving partner of Austin Corbin, for services rendered by the defendant to the firm of which Corbin and the plaintiff were members, and that action is now pending. The plaintiffs and the defendant are all residents of this state, but the matters in dispute between the parties to the Mississippi action are not involved in any action or proceeding pending in this state. The Mississippi action is purely a transitory and personal one, and by commencing it there the defendant has obtained a lien upon property owned by the plaintiff Edgell, or in which he is interested, which gives him security for any judgment that he may recover. This court is asked to restrain the defendant from prosecuting that action in the state of Mississippi, because the plaintiffs would prefer to have the action determined in this state. While the power of a

court of equity to enjoin its citizens from prosecuting actions in other jurisdictions is well settled, and it is the duty of the court to exercise that power where equity and good conscience require it, we think that there are no facts presented in this case to justify such an interference. It is urged that the rule of evidence as to the giving of testimony by a party to an action, as against the executor or survivor of a deceased partner, is somewhat more liberal in the state of Mississippi than in this state, and that it is possible that the defendant would there be allowed to give evidence of conversations with the deceased partner of the plaintiff's firm which he would not be allowed to give in this state. That fact is not of itself a reason for preventing the defendant from prosecuting his action in the forum which he has chosen, nor is the consideration that it would be inconvenient for the plaintiffs to produce their co-partnership books in the state of Mississippi a reason for requiring the litigation between these parties to be had in this state. Unless we are prepared to say that, in all cases where two residents of this state have a dispute, we will compel them to litigate questions at issue between them in the courts of this state alone, and prevent them by injunction from appealing to the courts of any other jurisdiction, we would not be authorized to interfere in this action. In every case in which resort is had to the courts of another state, it is because of some advantage to be obtained by the person prosecuting the action there. All that is alleged in this case is that by the laws of the state of Mississippi the defendant will be in a more advantageous position to prove his contract than if the case were tried here. There is nothing inequitable or unjust in allowing him to prosecute his claim there rather than here. Whatever benefit he would derive would be because of a mere rule of evidence, and not a difference in the substantive law by which he would in that state secure a right which within our law or our public policy would be denied him here. The mere convenience of witnesses or of a party in attendance at the trial would not justify our changing by injunction the venue from Mississippi to this state. No facts were presented to the court below to justify the exercise of such a power.

The order is affirmed, with $10 costs and disbursements. All concur.