## LOCOMOBILE CO. OF AMERICA v. AMERICAN BRIDGE CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

1. INJUNCTION—RESTRAINING PROSECUTION OF ACTION AT LAW.

Where defendant had brought an action against plaintiff in New York for breach of contract, and subsequently commenced another suit against it on the same cause of action in Connecticut, and it appeared that the trial of the latter action might injure plaintiff, by depriving it of the use of a deposition taken in the New York action, and that it was probably brought for that purpose, injunction was properly issued to restrain its prosecution pending determination of the action brought in New York, especially where conditioned on plaintiffs giving a bond to pay any judgment recovered against it in the New York suit.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by the Locomobile Company of America against the American Bridge Company of New York to restrain defendant from prosecuting an action brought by it against the plaintiff in the superior court of Connecticut until after the determination of another action brought by it against the plaintiff in the supreme court of New York. From an order granting the injunction, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Paul E. De Fere, for appellant.
W. W. Niles, for respondent.

McLAUGHLIN, J. The defendant in this action, as the assignee of the Berlin Iron Bridge Company, in May, 1901, brought an action in the supreme court of this state—the venue being laid in the county of New York—against the plaintiff to recover the sum of $10,233.65 for an alleged breach of contract. The defendant in that action interposed an answer denying all liability, and setting up a counterclaim of $36,000 for damages for the alleged failure of the Berlin Iron Bridge Company to perform the contract referred to in the complaint. The defendant in that action, under a stipulation, took, on the 16th of December, 1901, the deposition of one Spiers, who, at the time the contract referred to was made and to be performed, was the managing superintendent of the defendant's factory in the state of Connecticut. Since the deposition was taken, Spiers was discharged. He is now in the state of Pennsylvania, and it is fair to

¶ 1. See Courts, vol. 13, Cent. Dig. § 1441.

infer he is not friendly to the party in whose interest the deposition was taken. Subsequent to the discharge of Spiers, the plaintiff in that action brought another action against the plaintiff in this action in the superior court of Connecticut to recover the same amount, upon the same cause of action as that set out in the complaint in the New York action. Thereupon the defendant (this plaintiff) brought this action in equity to restrain the bridge company from prosecuting the Connecticut action until after the determination of the New York action, and thereafter applied to the special term for an injunction pendente lite. The ground upon which the injunction was asked was, in substance, that the Connecticut action was not brought in good faith, but only for the purpose of harassing and annoying the plaintiff, putting it to great and unnecessary expense in the preparation of the defense of the two actions, and of depriving it of the benefit of the deposition of the witness Spiers; and in this connection it was made to appear that the Connecticut action would be first reached for trial, and that Spiers' attendance could not be had at that trial. The bridge company denied that the action was not brought in good faith, or that it had any intent of annoying the plaintiff or putting it to unnecessary expense; and in the affidavit submitted by its attorney the statement is made that the bridge company had no objection to consenting that the testimony of the witness Spiers, taken in the New York action, be used in Connecticut, if it be true that the attendance of said witness could not be had upon the trial of said action. It also appeared that in the Connecticut action a warrant of attachment had been issued, and a levy made upon certain property belonging to the locomobile company. The court at special term was of the opinion that the injunction should be granted, solely upon the condition, however, that this plaintiff, within 10 days after the service of the order granting the injunction, should give an undertaking in the sum of $15,000, with two sureties, or a surety company, to be approved by a justice of this court, conditioned for the payment of any judgment which might be recovered against the plaintiff in the New York action, and, if such security was not given, that then the motion for the injunction should be denied.

It cannot seriously be doubted but that a court of equity has the power to enjoin a party to an action pending in this state from prosecuting an action subsequently commenced in another jurisdiction, between the same parties, to recover upon the same cause of action, and for the same relief, or that it is the duty of the court to exercise that power where equity and good conscience require it. Edgell v. Clarke, 19 App. Div. 199, 45 N. Y. Supp. 979. Whether it will exercise that power rests largely in its discretion, and necessarily depends upon the facts presented in each particular case. Here we think the discretion was properly exercised. The bridge company having commenced its action in this state, and the locomobile company having, as appears, property more than sufficient to satisfy its claim, which can be reached by attachment, it ought not to be permitted to prosecute the action subsequently commenced in Connecticut, in view of the fact that the trial of that action may injure the locomobile company by depriving it of the benefit of the deposi-

tion taken in the action in this state; and it is fair to infer, under the facts presented, that the purpose of the action was to prevent the use of that deposition. In this connection it is to be noted that no offer was made that the deposition might be read in that action. On the contrary, the only statement is that:

"The attorney for the defendant in this action has no objection to consenting that the testimony of the witness John C. Spiers, taken in the New York action, may be used in the Connecticut action, if it be true that the attendance of said witness cannot be had upon the trial of said action."

Who is going to determine whether or not the attendance of said witness can be had, and when is such determination to be made? It is also to be noted that this qualified offer was only made in answer to plaintiff's motion for an injunction, notwithstanding the fact, according to the moving affidavits, that ineffectual efforts had theretofore been made to induce defendant's attorney to enter into such stipulation. Not a single fact is shown from which the court can see that any harm will come to the bridge company by enjoining the prosecution of the Connecticut action until after the determination of the New York action. It is suggested that the locomobile company may be insolvent. No proof is offered to establish that fact. On the contrary, it appears that it has ample property in the state of New York, which can be reached by attachment, to satisfy any recovery which the bridge company may obtain. Not only this, but the undertaking which the court at special term required the plaintiff to give, as a condition of the granting of the injunction, is amply sufficient to protect the bridge company.

Upon all of the facts, therefore, we are of the opinion that the court properly exercised its discretion in granting the injunction, and the order appealed from should be affirmed, with $10 costs and disbursements.

O'BRIEN and LAUGHLIN, JJ., concur. PATTERSON, J., concurs in result.

VAN BRUNT, P. J. I dissent. A party may bring actions in as many jurisdictions as he pleases, upon the same cause of action, and he can try the one which he can first bring to trial: provided, however, that the actions are not fraudulently brought.