MONUMENTAL SAV. ASS'N OF BALTIMORE, MD., v. FENTRESS et al.

(Circuit Court E. D. Virginia. November 14, 1903.)

1. INJUNCTION—AGAINST ACTION AT LAW.

A suit having been commenced to cancel complainant's subscription to stock of a corporation and to require repayment of a sum paid thereon, an action at law, in another federal court, on the subscription, commenced after the suit in equity, and in which the full and adequate remedy of an equity court cannot be afforded, will be enjoined, notwithstanding pendency of a third suit in a state court to wind up the affairs of the corporation.

E. N. Rich and D. Lawrence Groner, for complainant.

Floyd Hughes, George Whitelock, and D. Tucker Brooke, for defendants.

WADDILL, District Judge. The object of the bill of complaint filed in this cause, among other things, is to cancel and annul the subscription of the complainant to certain issues of bonds of the defendant the Norfolk Cold Storage & Ice Company, of Norfolk, Va., for $130,000, and to require the repayment to it of the sum of $20,000, heretofore paid on account of such subscription; complainant's contention being that as to $30,000 of such subscription it never authorized the same, and that as to $100,000 thereof, though the subscription was made, and on account of the same $20,000 was paid, the agreement was entered into under such circumstances as to entitle complainant to have the same canceled by a court of equity.

The cause is now before the court upon an application on the part of the complainant to enjoin the defendant Richard B. Fentress, individually, and as syndicate manager of the said Norfolk Cold Storage & Ice Company, of Norfolk, Va., from the further prosecution of a certain suit at law, instituted by him in the Circuit Court of the United States for the District of Maryland, against the complainant, to recover the calls made by the defendant company on account of the subscription aforesaid, amounting to the sum of $45,000; and this motion arises specially upon a petition filed since the institution of the original suit, and is now heard on said petition and bill and answer, and affidavits filed by the respective parties; and the conclusion reached by the court is that the temporary restraining order prayed for, enjoining the prosecution of said suit in the Circuit Court of the United States for the District of Maryland, should be awarded as asked.

In taking this action the court is not unmindful of the fact of the delicacy with which an injunction should issue to enjoin the prosecution of a suit in another court, but the duty to exercise the power in this case seems clear, the suit sought to be enjoined being one brought after the institution of this cause, and having for its object the enforcement of a contract sought to be canceled and annulled in this proceeding on account of fraud in its inception. Not only is the suit at law subsequent in date to this suit, but it cannot be said that the complainant in this cause, the defendant therein, can there receive the full complete and adequate remedy that can be afforded in this—a

court of equity—with all the parties to the transaction before it. Nor has sight been lost of the fact of the institution of the suit in equity in the circuit court of Baltimore City by the defendant Richard B. Fentress, as syndicate manager as aforesaid, against the complainant herein, and that defendant's contention is that the suit at law in the Circuit Court of the United States for the District of Maryland aforesaid, sought to be enjoined, is a mere ancillary suit to the suit in equity so instituted in the circuit court of Baltimore City. Upon a careful examination of the records in these two causes, the court is convinced that the suit at law aforesaid, sought to be enjoined, is not a mere ancillary suit to the suit in equity in the circuit court of Baltimore City, or in any manner dependent upon the last-named suit, and that said suit in the circuit court of Baltimore City is a suit in equity under the statute of Maryland, having for its object and purpose the winding up of the affairs of the complainant company as a corporation, and to which creditors of the complainant company, and stockholders, are parties; and that said suit can apparently proceed irrespective of the outcome of the issues either of this suit or of the action at law in the Circuit Court of the United States for the District of Maryland aforesaid.

A restraining order will accordingly be issued, as prayed.