### JOHNSON v. VICTORIA CHIEF COPPER MINING & SMELTING CO. et al.

(Supreme Court, Special Term, New York County. September 22, 1908.)

1. INJUNCTION—STAYING ANOTHER SUIT—DISCRETION OF COURT.

The granting of an injunction to stay the further prosecution of an action in another jurisdiction, on the ground that it will affect the rights of a party, necessarily rests largely in the discretion of the court, and depends on the facts in each particular case; and such injunction should not be granted unless extraordinary circumstances are shown imperiling the rights of a litigant seeking such relief.

2. SAME—RIGHT TO RELIEF.

Plaintiff alleged a partnership with two of the defendants, and that such partnership was the owner of certain mining lands or claims in New Mexico, which such defendants had caused to be conveyed to a corporation, also made defendant. No written partnership agreement was alleged. Plaintiff sued in New York for equitable relief, praying in effect for a transfer to him of one-third of the stock of the defendant corporation. The partnership was wholly denied by defendants, and it appeared that there were a large number of stockholders in the defendant corporation. Held, on the facts, that plaintiff was not entitled to an injunction restraining such corporation from further prosecuting a suit instituted by it in New Mexico against plaintiff and others to quiet title to its lands, especially where, as appeared from the record in the case, plaintiff had made default in the suit and a decree pro confesso had been entered against him.

3. COURTS—JURISDICTION—IMPEACHMENT—RECITALS IN RECORD.

The burden of showing the incorrectness of the exemplified record in a suit which recites due service by publication rests upon the party attacking it.

4. SAME—JURISDICTION—MODE OF PRESENTING OBJECTION.

An objection to the jurisdiction of the court to proceed in an action cannot be determined on a preliminary motion for an injunction to restrain the plaintiff from further proceeding.

Action by William L. Johnson against the Victoria Chief Copper Mining & Smelting Company and others. Heard on three various motions. First and second motions denied, and third motion granted.

Hornblower, Miller & Potter, for plaintiff.

Marx E. Harby, for defendants.

DAYTON, J. There are three motions. The first is an application for an injunction restraining the defendant Victoria Chief Copper Mining and Smelting Company (hereinafter mentioned as Victoria Company) from further prosecuting, pending this litigation, an action brought by it in New Mexico against the plaintiff, Johnson, and Gardner and Macy, two of the defendants herein, and also restraining certain others of the defendants in this action, from taking any further steps in the prosecution of the New Mexico action. The second motion is an application by the Victoria Company for an injunction restraining the plaintiff from maintaining this action or taking any further proceedings therein. The third motion is an application for an order compelling the plaintiff to receive a demurrer to the plaintiff's supplemental complaint and to the amended complaint taken together with the supplemental complaint. These three motions will be considered in the order above indicated.

1. Application to restrain further prosecution of the New Mexico action. Narrowed down, the main issue between the parties, the gravamen of the plaintiff's complaint, is a simple one, which may be briefly stated as follows: The defendant Hopper is the plaintiff's uncle. In 1905 the plaintiff contends that an agreement was entered into between himself, Hopper, and the defendant Bigelow, by virtue of which, and upon his (the plaintiff's) carrying out a contract for the sale of certain bonds of the Sierra Consolidated Gold Mining Company, the defendants Bigelow and Hopper agreed, upon the expiration of a fixed time, to transfer to plaintiff a one-third interest in some mining properties then owned and thereafter to be acquired as understood and provided between the parties. The plaintiff claims that by this arrangement and certain subsequent negotiations a copartnership was formed, of which Hopper, Bigelow, and he were the members; that he proceeded to carry out his part of the contract, and made due demand upon Hopper that the transfer above mentioned be made; that Hopper refused; that Hopper and Bigelow withheld moneys due him under the partnership arrangement; and, further, that they formed corporations (the Victoria, for one) to which they transferred the mining lands then held and afterwards acquired with partnership funds, in which lands he alleges that he owned a one-third interest; that the Victoria Company took these lands with notice of his claim and subsequently issued and disposed of stock. Wherefore he asks that Hopper and Bigelow and certain other defendants, who are officers and directors of the Victoria Company, be restrained from disposing of any stock they hold; that the court decree that the said company holds said lands impressed with a trust in favor of the plaintiff, and that it be commanded to join in any deed thereof which may be directed to be executed by the decree; that, in the event the decree shall determine

that the trust cannot be impressed upon the lands, then that it be impressed upon the stock of the defendants, who hold stock of the Victoria Company and who took it with notice of plaintiff's claim; and, further, plaintiff asks an accounting of the partnership affairs and the determination of the rights of certain other defendants who claim an interest in said lands or stock. The defendants Hopper and Bigelow deny that any such partnership was consummated, but maintain that plaintiff was employed only as a selling agent, and as such became entitled to certain commissions; that as selling agent he proved a failure, was not able to carry out his contract with the Sierra Company, and that they themselves were forced to assist him in disposing of the bonds and stock upon which he held an option from that company; that by far the largest part of said bonds was sold through the efforts of said defendants Hopper and Bigelow, and that plaintiff has not only been paid full commissions on all sales made directly by him or indirectly through any agent of his, but that he has received commissions in excess of the amounts due him, and has also received and accepted certain sums of money and certain shares of stock in full payment and satisfaction of every claim and demand which he might have against said defendants on any transactions, agreement or contract whatsoever. This appears to be the gist of the pleading, voluminous affidavits, and elaborate memoranda. To make it still more brief, plaintiff's whole case depends upon the establishment of a copartnership, which is flatly disputed by the two persons whom he claims as copartners, and he proposes to prove the existence of this partnership, not by any direct and specific instrument bearing the signatures of the three partners, but by a letter signed by Hopper alone, in which it is claimed the terms of the copartnership agreement are stated, his option from the Sierra Company, and certain other communications and transactions between the parties to be put in evidence on the trial. The nature of the controversy between the parties is thus stated at this point, because it is important to bear in mind that the granting of this application rests in the discretion of the court upon all the facts which appear from the motion papers.

This action was commenced by the plaintiff on or about May 17, 1907. At about the same time, to wit, May 22, 1907, an action was commenced in the district court of New Mexico, Third district, by the same plaintiff, Johnson, against the Victoria Company, Gardner, Macy, Bigelow, and Hopper. The complaints in the two actions (with the exception of formal statements) were in substance identical. The same cause of action was alleged. It should here be stated that Johnson is a resident of Kentucky, the Victoria Company is an Arizona corporation, and the mining lands upon which plaintiff desires to impress a trust are situated in New Mexico. In the New Mexico action, commenced by Johnson against the defendants last above named, the court was advised that a similar action had been instituted in New York, and the plaintiff demanded judgment that the court take jurisdiction of the cause as an ancillary proceeding, and that the property be impounded pending the outcome of the New York action. The defendants Bigelow, Macy, Gardner, and the Victoria Company appeared in the New

Mexico action and demurred on various grounds. The learned judge of the New Mexico court held that the action could not be maintained as ancillary, because proper allegations of the institution of the New York suit were not made, and because affirmative relief might not therefore be awarded in a proceeding brought primarily to impound property. These defects, it was intimated, might be cured by amendment. The court, however, fully considered all the allegations of the complaint as presented by the demurrers of the various defendants, and indicated as its opinion that upon the facts alleged in the complaint a court of equity would not have power to compel a conveyance by the Victoria Company of the one-third interest claimed by the plaintiff; that therefore the Victoria Company must be considered as an unnecessary and improper party, and that the complaint stated no cause of action against it. The demurrers of Macy and Gardner were also sustained, for the reason that it appeared from the face of the complaint that Hopper and Bigelow held more than sufficient of the stock in the Victoria Company to answer the plaintiff's demands, and therefore it was of no concern to the plaintiff how much of such stock Gardner and Macy held, or whether they took the same with notice of the plaintiff's alleged rights. The court concluded as follows:

"To summarize the position taken by the court, I will say that the demurrers of all of the defendants are sustained to the bill in its present form, but that the bill may be amended, by proper allegations, so as to make it an original proceeding seeking for such affirmative relief as the court may be able to award. Assuming, however, that the bill is so amended, and that no additional facts are presented, the court holds that the demurrers of the defendants Victoria Chief Copper Mining & Smelting Company, Macy, and Gardner are well founded, and the bill will be dismissed as to them. As to the defendants Hopper and Bigelow, if the plaintiff elects to file an amended bill obviating the objection to it as an ancillary proceeding, as hereinbefore pointed out, the demurrer of the defendant Bigelow will be overruled."

The plaintiff filed the bill indicated, but stated no new facts therein. Immediately thereafter the plaintiff discontinued his action in New Mexico. The opinion was dated December 11, 1907. On January 7, 1908, upon a stipulation between the parties, the complaint in this (New York) action was amended by adding Gardner, Macy, and the Wellington Copper Company as defendants. On May 22, 1908, the Victoria Company commenced by publication an action in the same New Mexico court against Johnson, Gardner, and Macy to quiet title to the Victoria Company's mining land in New Mexico. Johnson admits receipt of a copy by mail of the summons and complaint in that suit on July 2, 1908, calling him to appear on July 18, 1908. He defaulted. On July 21, 1908, judgment pro confesso was entered against Johnson in the New Mexico court, whereby it was adjudged that:

"The said defendant be, and he is hereby debarred and forever estopped from having or claiming any rights or title to the said mining claims and real estate aforesaid, or any part thereof adverse to the plaintiff, and that the said plaintiff's title thereto be, and the same hereby is, forever quieted and set at rest as against the said defendant William L. Johnson, and all persons claiming by, through, or under him. And this cause is retained for the purpose of determining the issues remaining undetermined between the plaintiff and the defendants John Gardner and Steven J. Macy, and for such other orders as may be necessary to carry into execution this judgment."

Gardner and Macy have both appeared generally and answered in said New Mexico action brought by the Victoria Company, and the action is still pending and at issue between those defendants and the Victoria Company; that .issue being solely the determination of a claim by those defendants hostile to the Victoria Company's title to certain mining lands. As has already been shown, those lands are situated in New Mexico and within the jurisdiction of the court in which the Victoria Company has brought its action. And it is the further prosecution of that action by certain defendants herein, who are officers and directors of the Victoria Company, but not parties to the New Mexico action, and by Macy and Gardner, defendants there and also in this action, which the court is besought to restrain. This application is made solely by the plaintiff, Johnson.

A similar application was made early in July to Mr. Justice Erlanger, who refused to entertain it upon the grounds that the relief sought could not be asked for upon affidavits alone, and that it was necessary to file and serve a supplemental complaint, setting forth the institution of the New Mexico proceedings, before injunctive relief against such proceedings could be applied for. Thereupon plaintiff moved for permission to serve such supplemental complaint. The motion was granted, and the supplemental complaint was served, all without prejudice to a renewal of the application for an injunction. The answer of the defendants Macy and Gardner to the supplemental complaint herein was served upon the same day, and in the prayer thereof those defendants joined in demanding injunctive relief against the New Mexico action. As has been shown, Macy and Gardner have appeared and answered in the New Mexico action, and in their answer therein have set up as one of their defenses substantially the plaintiff Johnson's cause of action in this case, upon which this present application is based. It seems necessary to repeat at this juncture, in order that these somewhat complicated facts may not becloud the main question before me, that the New Mexico action, whose prosecution I am asked to restrain, is brought by the Victoria Company to quiet title to its mining lands in New Mexico, and that the sole defendants in that action are Johnson, Macy, and Gardner. And it becomes now important for a moment to consider, inasmuch as Johnson bases this application upon his amended and supplemental complaint, the effect of the proceedings which he instituted in New Mexico.

It is urged by the learned counsel for the plaintiff that, because those proceedings were discontinued after an interlocutory judgment had been rendered, that judgment of the New Mexico court is not res adjudicata, and can have absolutely no bearing upon this application. While it may be true that the judgment of the New Mexico court is not res adjudicata, it is, nevertheless, a strong expression after argument on both sides of the opinion of the learned judge as to the mertis of Johnson's cause of action against the Victoria Company. It is tantamount to a judicial conclusion in that jurisdiction (no appeal having been taken) that Johnson has no cause of action enforceable against the Victoria Company unless he presents other and widely different facts, which up to this time he has not done, as appears from the amend-

ed and supplemental complaint herein. But can the plaintiff successfully contend that on an application addressed to my discretion I am warranted in absolutely disregarding this important fact? I am not unmindful of the plaintiff's argument that the application is not addressed to my discretion, but that it is the duty of the court to grant this application merely because an action has been commenced in another jurisdiction which may affect the rights of the plaintiff in this controversy. The rule is well settled that this power of the court will only be exercised where equity and good conscience require it (Edgell v. Clark, 19 App. Div. 199, 45 N. Y. Supp. 979), and that whether or not the power will be exercised rests largely in its discretion and depends necessarily upon the facts shown in each case. The cases cited by the plaintiff's counsel to support his contention on this hand fail to convince me that the plaintiff Johnson's rights cannot be fully protected in the present New Mexico action brought by the Victoria Company.

It should not be forgotten that by the answer of the defendants Gardner and Macy in that action substantially all the facts constituting plaintiff's alleged claims against the Victoria Company are brought before the court, and that the action of the Victoria Company is one to quiet title. Further, the Victoria Company has rights, as well as Johnson. It is alleged in the complaint of the Victoria Company that its stock has been sold in large quantities and is widely distributed. A clerk of plaintiff's counsel, in an affidavit concerning what occurred at the last annual meeting of the company, states that there were between 50 and 60 stockholders present, and that one man present represented 20,000 shares held by members of the Produce Exchange. Is it not important that the rights of these persons should also be considered upon an application brought to restrain the company in which they are interested from prosecuting an action to quiet title to its land in the jurisdiction where those lands are situated?

Again, I am asked to overlook the fact that the plaintiff, Johnson, has defaulted, and a judgment has been rendered against him, in this very action whose further prosecution it is sought to restrain. The counsel for the plaintiff advances several different arguments why that judgment by default is of no consequence. In the first place, he seeks to show that the court never acquired jurisdiction over Johnson because of failure to comply with the requisite statutory provisions for service by publication. As to that the exemplified copy of the judgment pro confesso states that due service has been made. The plaintiff cites authorities to show that I may examine the record to ascertain if the judgment is correct in that respect. But the new Mexico statute provides in brief for a publication which must cease at least twenty days before the appearance demanded, and that upon the publication where the defendant's address is known a copy of the summons and complaint must be mailed "forthwith." By the facts before me it appears that plaintiff admits the receipt of a copy of the summons and complaint 16 days before the return day. His counsel apparently concedes that, reading the two clauses of the New Mexico statute together, 20 days would have been a sufficient compliance. The

plaintiff's counsel admits knowledge of the publication, and that he had seen a copy of the summons and complaint, some time before being advised of the receipt of a copy by the plaintiff. He states that he has had entire charge and management for the plaintiff of all matters relating to this controversy from its inception, and has proceeded from time to time in accordance with his professional judgment and without consulting the plaintiff, in which statement the plaintiff corroborates him. He prepared the motion papers for the original application herein before he was advised of the receipt of the summons and complaint in the New Mexico action by his client. And, further, there is evidence showing that, previous to the plaintiff's receipt of the registered letter containing the summons and complaint, copies thereof had been mailed to the plaintiff, properly addressed to the address known to the defendant Hopper, and to which address mail had been customarily sent, and that the envelopes containing those copies had been returned to the postmaster at Hillsboro, N. M.

The burden of showing the incorrectness of an exemplified record which asserts due service by publication is upon the party attacking it, and in this instance it has not, in my opinion, been sustained. The evidence submitted on the subject favors the presumption that the plaintiff in the New Mexico action complied in all respects with the statute; and in any event it is admitted by plaintiff's counsel that he, the one in absolute charge of every feature of the case, had entire knowledge of the action in ample time to appear and prevent judgment by default. It can be by no means claimed that if the plaintiff had received the second or third letter, which was registered four days earlier, his counsel would have pursued any other line of conduct. And that seems to be the natural deduction from his next argument, by which he contends that, even if the judgment be good so far as the requisite publication is concerned, it is none the less unenforceable against his client as a judgment to quiet title, because Johnson was not personally served within the New Mexico jurisdiction; and also from his further contention that in any event, if the action should proceed, as it is an equitable action, any final decree must protect Johnson's rights (he being a party to the action) despite his default.

There are several more arguments urged on plaintiff's behalf which do not, in my opinion, affect the main question. While this court has the power to restrain the prosecution of an action between the same parties in another state or territory, that power should not be exercised unless extraordinary circumstances are shown imperiling the rights of a litigant seeking such relief.

Full consideration of and deliberation upon all the voluminous documents, affidavits, pleadings, briefs, and memoranda submitted lead me to the conclusion that plaintiff is not entitled to invoke the discretion of the court as prayed for, and that his motion for an injunction should be denied, with $10 costs. Settle order on notice.

2. The second motion is an application by the Victoria Company for an injunction restraining the plaintiff from maintaining this action or taking any proceeding therein. The application is not properly made here or now. When the case comes on for trial at Special Term,

the objections to the jurisdiction may be urged. But the plaintiff may not be deprived of his day in court upon a motion of this sort.

Motion denied, with $10 costs. Settle order upon notice.

3. The third motion is an application to compel the plaintiff to receive a demurrer of the Victoria Company to the amended and supplemental complaint combined and to the supplemental complaint. It is insisted by the plaintiff that defendants who have answered the amended complaint may not now demur. The defendant contends that the supplemental complaint raises an entirely new cause of action, and that the supplemental and amended complaint, if considered as one, constitute a misjoinder of two causes of action. Without passing upon the merits of either contention, which must be decided when the demurrer comes on for argument, I see no reason why the plaintiff should not receive the demurrer. It contains upon its face proper allegations.

The motion will be granted, without costs. Settle order upon notice.