## Illinois Life Insurance Company, Appellee, v. James H. Prentiss, Appellant.

### Gen. No. 22,454.

INJUNCTION, § 29*—*when granted to restrain institution of suit in foreign jurisdiction.* Allegations of bill to enjoin institution of suit on life insurance policy in another jurisdiction while suit on the same policy pending in Illinois, *held* sufficient to warrant granting of injunctive relief sought, on the ground that complete relief can be had in the pending proceeding and such further suit would be vexatious and harassing.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed April 28, 1916.

FREDERICK A. BROWN, RAYMOND S. PRUITT and RALPH R. BRADLEY, for appellant; JOHN G. MCDONALD, of counsel.

HENRY W. PRICE and HUGH T. MARTIN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal from the refusal of the court to dissolve an injunction restraining appellant from instituting a suit on a life insurance policy against appellee in the State of Missouri.

The motion to dissolve was, on the face of the bill, disclosing that a suit between the same parties on the same policy had already been instituted by appellant and was still pending in the Circuit Court of Cook county, and that appellant had threatened to begin another suit on said policy in the State of Missouri with the avowed object of availing himself of the procedure recognized by the Constitution of that State whereby three-fourths or more of the jurors concurring may render a verdict, and with the further object to harass and annoy appellee by such unnecessary litigation and greatly increase the expense and inconvenience of making its defense to the claim.

The bill sets forth that appellee had refused to pay the policy because of suicide by the insured and false warranties and representations in procuring the policy, among them that his father never had the disease or ailment of insanity whereas, the bill avers, he was afflicted therewith and was confined and died in the State asylum for the insane at Kankakee, Illinois. It further appears from the bill that Cook county, Illinois, is the place where the contract was entered into, where appellee has its principal office, where appellant resides, where the insured lived and committed suicide, where his estate is being administered, where, as may well be inferred, most, if not all, documentary evidence pertaining to the contract and matters of defense, and the necessary witnesses thereto may be found, and, hence, where the production of the documents and personal attendance of the witnesses may be secured by the court's process. It would appear, therefore, that there is no impediment to complete justice to both parties

in this jurisdiction where appellant had already begun suit, and that his purpose of instituting suit in Missouri is not because any legitimate reason exists for not proceeding with the case here nor because any special facility for presenting the merits of it exists there, but mainly because he desires to avail himself of the supposed advantage of the Missouri procedure. But such a course of conduct under such circumstances tends to harass and oppress the appellee. It would not only be required to defend two suits for the same cause of action in two different jurisdictions and be put to the unnecessary inconvenience and expense of carrying proofs and witnesses several hundred miles to a foreign jurisdiction or attempt to present its evidence by depositions, but would thus be forced away from the jurisdiction of its residence and where the witnesses to the matters in controversy apparently reside and their attendance in court may be compelled, to a jurisdiction where, by reason of the inability to compel the attendance of said witnesses, it may be unable to present its defenses upon their merits. We can, for instance, conceive of much embarrassment and disadvantage that would attend presenting the outlined defenses in another State so far as they depend on the production of evidence from said insane asylum or the coroner's office of Cook county.

Upon very similar facts this method of equitable relief has been approved both in this country and England. In the English court of chancery such relief has been granted on the broad ground that the institution of foreign proceedings when complete relief can be had where the litigation is pending will be regarded "as a vexatious harassing of the opposite party," as said by the lord chancellor in the case of *Carron Iron Co. v. McClaren,* 5 Clarke's Cases, H. of Lords, July 1855, where there was a full discussion of the subject. Upon the same principle relief was granted in *Field v. Holbrook,* 3 Abb. Pr. (N. Y.) 377, where

Illinois Life Insurance Co. v. Prentiss, 199 Ill. App. 326.

the English cases are reviewed.   In *Webster v. Columbian Nat. Life Ins. Co.,* 116 N. Y. Supp. 404 (affirmed in 196 N. Y. 523), the court said: ''The plaintiff, being a resident of this State and having first brought action in its court, ought not to be compelled to go to another forum to maintain her rights concerning the precise matter in litigation here.'' The same relief was granted much on the same principle in *Old Dominion Copper Mining & Smelting Co. v. Bigelow,* 203 Mass. 159, in *Monumental Sav. Ass'n. v. Fentress,* 125 Fed. 812, in *Locomobile Co. v. American Bridge Co.,* 80 App. Div. 44, 80 N. Y. Supp. 288, and in *Kittle v. Kittle,* 8 Daly (N. Y.) 72.   In *Freick v. Hinkly,* 122 Minn. 24, the court reversing an order for injunction nevertheless recognized the same principle and said: ''Had suit been brought in Minnesota in advance of the New Jersey suit, it might perhaps furnish a basis for an injunction.''   And proceedings in a foreign jurisdiction were restrained in *Von Bernuth v. Von Bernuth,* (76 N. J. Eq. 177), 73 Atl. 1049, and in *Standard Roller Bearing Co. v. Crucible Steel Co.,* 71 N. J. Eq. 61, mainly on the ground that they would be vexatious and harassing to defendants therein.   While these several cases have some distinguishing features, yet we think the present case comes within the principle recognized by each.

Appellee lays much stress on the claim that if required to defend in Missouri it would be deprived of the right guarantied to citizens of this State.   We are not impressed with the force of the argument on this contention.   But because of the views already expressed which call for affirmance of the lower court's action, we need not consider it.

*Affirmed.*