## WAWRZIN v. ROSENBERG.
### No. 6834.

District Court, E. D. New York.

Oct. 22, 1935.

Samuel Brill, of New York City, for plaintiff.

Max Steinberg, of New York City, for defendant.

GALSTON, District Judge.

The plaintiff, a resident of New Jersey, brings this action against the defendant, a resident of New York, alleging that while the plaintiff and his wife were living happily together as man and wife, the defendant alienated and destroyed her affection for the plaintiff.

Defendant has not interposed an answer, but makes this motion to dismiss the complaint on the ground that the suit is barred by the statutes of the state of New York and is against the public policy of this state. Section 61-a of the Civil Practice Act of the State of New York, in chapter 263 of the Laws of 1935, provides: "The remedies heretofore provided by law for the enforcement of actions based upon allegel* [alleged] alienation of affections, criminal conversation, seduction and breach of contract to marry, having been subjected to grave abuses, causing extreme annoyance, embarrassment, humiliation and pecuniary damage to many persons wholly innocent and free of any wrongdoing, who were merely the victims of circumstances, and such remedies having been exercised by unscrupulous persons for their unjust enrichment, and such remedies having furnished vehicles for the commission or attempted commission of crime and in many cases having resulted in the perpetration of frauds, it is hereby declared as the public policy of the state that the best interests of the people of the state will be served by the abolition of such remedies. Consequently, in the public interest, the necessity for the enactment of this article is hereby declared as a matter of legislative determination."

The state of New Jersey enacted a substantially similar statute. Laws 1935, c. 279 (N. J. St. Annual 1935, § 163—411 et seq.). The New Jersey act was approved June 27, 1935, and paragraph 2 thereof (N. J. St. Annual 1935, § 163—412) provides that all actions to recover a sum of money for the alienation of affections which have heretofore accrued must be commenced within sixty days from the effective date of the statute.

The plaintiff, therefore, under the laws of New Jersey, was not barred from bringing his suit at the time that the complaint was filed in this court on August 22, 1935.

These statutes are declarations of public policy. As such declarations they abolish remedies in their respective states theretofore existing for the enforcement of rights of action. The question then is: What effect has such a state statute on the exercise of jurisdiction by the federal court,

---

* So in original.

the territorial limits of which lie within such state? Certainly before the legislation, assuming diversity of citizenship as exists in this case, an action for alienation of affections would lie in a federal court. Is this court then to deny a remedy because such remedy is not available in the state courts?

The jurisdiction of District Courts of the United States is defined in title 28, U. S. C. § 41 (28 USCA § 41). Subdivision 1 thereof (28 USCA § 41 (1) declares that these courts shall have jurisdiction of all suits of a civil nature at common law or in equity where the matter in controversy exceeds the sum of $3,000 and the controversy is between citizens of different states. At common law a husband has a cause of action against one who alienated the affections of his wife, so that if the wrong complained of took place in New Jersey prior to August 27, 1935, a right of action had accrued to the plaintiff.

But it is said that Bucher v. Cheshire R. Co., 125 U. S. 555, 8 S. Ct. 974, 978, 31 L. Ed. 795, requires the courts of the United States to give recognition to the declared policy of the state as defined in the laws or statutes of such state. The plaintiff in that case sought to recover of the defendants for injuries which he sustained by reason of their negligence while traveling upon their road. The accident happened while the plaintiff was traveling in the state of Massachusetts on a Sunday. The defendants set up as a defense a law of the state of Massachusetts which stated that: "Whoever travels on the Lord's day * * * shall be punished by fine not exceeding ten dollars." Gen. St. c. 84, § 2.

There were decisions of the Supreme Court of the State of Massachusetts which held that a plaintiff, while engaged in violation of a law without which he would not have received the injury sued for, could not obtain redress in a court of justice. The Supreme Court of the United States said that it was constrained to follow the Supreme Court of the state in its construction of the state statute in holding that a violation thereof might be set up as a defense to a liability growing out of the negligence of a railroad company in carrying passengers upon its road. The Supreme Court said: "We are of opinion that the adjudications of the supreme court of Massachusetts, holding that a person engaged in travel on the Sabbath day, contrary to the statute of the state, being thus in the act of violating a criminal law of the state, shall not recover against a corporation upon whose road he travels for the negligence of its servants, thereby establish this principle as a local law of that state, declaring, as they do, the effect of its statute in its operation upon the obligation of the carrier of passengers. The decisions on this subject by the Massachusetts court are numerous enough and of sufficiently long standing to establish the rule, so far as they can establish it, and we think that, taken in connection with the relation which they bear to the statute itself, though giving an effect to it which may not meet the approval of this court, they nevertheless determine the law of Massachusetts on that subject."

The following important observations were made in the case: "There is no common law of the United States, and yet the main body of the rights of the people of this country rest upon and are governed by principles derived from the common law of England, and established as the laws of the different states. Each state of the union may have its local usages, customs, and common law. Wheaton v. Peters, 8 Pet. [33 U. S.] 591 [8 L. Ed. 1055]; Pennsylvania v. Wheeling & B. Bridge Co., 13 How. [54 U. S.] 518 [14 L. Ed. 249]."

If, therefore, the law of New York were applicable to the pending case, under the authority of Bucher v. Cheshire R. Co. it would seem that the complaint herein would have to be dismissed; but it does not appear from the complaint that the wrong or injury was committed in the state of New York. In consequence the law of the state does not necessarily apply. If at the trial the proof shows that the wrongful acts of the defendant were committed within the state of New Jersey, then the New York statute obviously would not be a bar because the plaintiff's right is transitory, governed by the law of the place and not of the forum.

It was said in Dennick v. Central R. Co., 103 U. S. 11, 17, 26 L. Ed. 439:

"When the act is done for which the law says the person shall be liable, and the action by which the remedy is to be enforced is a personal and not a real action, and is of that character which the law recognizes as transitory and not local, we cannot see why the defendant may not be held

liable in any court to whose jurisdiction he can be subjected by personal process or by voluntary appearance, as was the case here. * * *

"The action in the present case is in the nature of trespass to the person, always held to be transitory, and the venue immaterial. The local court in New York and the Circuit Court of the United States for the Northern District were competent to try such a case when the parties were properly before it. * * * A party legally liable in New Jersey cannot escape that liability by going to New York."

In Farrell v. Stoddard (D. C.) 1 F.(2d) 802, 804, referring to a statute of the state of New York, the court said: "Even if the statute had in so many words expressed the intent to supersede the existing equitable and common-law rights, and to provide an exclusive method, it may well be doubted whether it would have any force or effect as to this plaintiff, a resident of Massachusetts, who is not subject to the jurisdiction of the laws of the state of New York as to his equitable or common-law rights, and has not sought the aid of the state courts. If the state of New York may, by legislative act, change the rights or remedies of a citizen of Massachusetts, it may change the rights or remedies of citizens of any other state and of all the states, and its power would, to the extent of rights arising from property existing in or illegally transferred to the state of New York, be equal to that of Congress. Such contention could not be maintained. In case of diversity of citizenship, one who elects to assert his equitable or common-law rights in a federal court cannot be deprived of them by the statutes of the state in which the federal court happens to exercise jurisdiction at the time. Morrill v. American Reserve Bond Co. (C. C.) 151 F. 305; Chicot County v. Sherwood, 148 U. S. 529, 13 S. Ct. 695, 37 L. Ed. 546."

See, also, Gammon v. Howard W. Scott, Inc. (C. C. A.) 16 F.(2d) 902.

Finally, it is of interest to refer to the opinion of Mr. Justice Brandeis in Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 456, 67 L. Ed. 763: "That a remedial right to proceed in a federal court sitting in equity cannot be enlarged by a state statute is likewise clear. Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358; Cates v. Allen, 149 U. S. 451, 13 S. Ct. 883, 977, 37 L. Ed. 804. Nor can it be so narrowed. Mississippi Mills v. Cohn,

150 U. S. 202, 14 S. Ct. 75, 37 L. Ed. 1052; Guffey v. Smith, 237 U. S. 101, 114, 35 S. Ct. 526, 59 L. Ed. 856."

For the foregoing reasons the motion to dismiss the complaint is denied.