MITCHELL MORAD, Plaintiff, *v.* JOSEPH WILLIAMS, Defendant.

Supreme Court, Erie County, January 21, 1942.

*Thomas L. Newton,* for the plaintiff.

*Charles F. Boine* [*W. J. Wetherbee* of counsel], for the defendant.

MALONEY, J. Plaintiff brings this action against the defendant for an injunction to enjoin and restrain the defendant from further prosecuting an action now pending in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade county, at law, No. 19036-C, to recover from the plaintiff herein the sum of $200,000 damages for alienation of the affections of Ida Williams, the wife of the defendant herein. In the Florida action Joseph

Williams, the defendant herein, is plaintiff and Michael Morad, the plaintiff herein, is the defendant.

The respective parties and their families were close friends and neighbors residing at Athol Springs, N. Y. The plaintiff and defendant and their wives were also owners and officers of a corporation which owned and operated a moving picture theatre in the city of Lackawanna, N. Y. Ida Williams, wife of the defendant herein, was the secretary and bookkeeper of the corporation and generally conducted its business as directed by the other officers, none of whom, except the secretary, was able to carry on the business by reason of their lack of ability to read or write English.

For some months prior to January, 1941, the plaintiff was ill and during the period of his illness the defendant pretended and evidenced a great interest in plaintiff's recovery. The defendant knew that actions to recover damages for alienation of affections were against the public policy of this State and he also knew that such actions were maintainable in the State of Florida.

The plaintiff herein does not have and never had any property, personal or real, in the State of Florida and any money judgment obtained against him in that State could not be satisfied therein.

The defendant herein, using plaintiff's illness as a pretext, fraudulently induced the plaintiff to accompany him to the State of Florida so that he could start an action against the plaintiff for the alienation of the affections of Ida Williams, his wife.

The defendant, after fraudulently inducing the plaintiff to go with him to the State of Florida, did cause to be served on the plaintiff the summons and complaint in the case now pending as aforesaid in the Circuit Court of Florida, to recover damages in the sum of $200,000 for the alleged alienation of the affections of the wife of the defendant herein.

It appears that the wife of the defendant herein subsequently obtained a decree of separation in the New York Supreme Court at an Equity Term thereof, in an action in which defendant's counterclaim for a divorce was denied. The defendant herein was by such decree required to pay alimony to his wife for her support and maintenance.

The theory of plaintiff's cause of action herein is that the defendant, for the purpose of obtaining a judgment against the plaintiff, fraudulently induced the plaintiff to go to Florida wherein it is lawful to institute an action against him for alienation of affections, which action could not be brought in New York State. The defendant herein appeared by counsel at the trial of this issue and moved to dismiss plaintiff's complaint on the ground that the court had

no jurisdiction. The court denied defendant's motion. Defendant offered evidence by stipulation of the attorneys.

The defendant claims that the last act necessary to constitute the wrong upon which his Florida action is based took place in the State of Florida and in his brief quotes the following from *Conklin* v. *Canadian-Colonial Airways, Inc.* (266 N. Y. 244, 248): " the place of the wrong is in the State where the last event necessary to make an actor liable for an alleged tort takes place."

The defendant further argues that when a resident of New York goes into another State and there is guilty of alienating the affections of the wife of another, he is not immune from an action for such tort in any court which has jurisdiction of the subject-matter and the parties. (*Wawrzin* v. *Rosenberg*, 12 F. Supp. 548.)

The plaintiff does not deny the fact that the courts of Florida have jurisdiction over an action for alienation of affections where the wrong took place in that State. The defendant claims that because the actual abandonment of him by his wife, which resulted from plaintiff's alleged wrongdoing in the State of Florida and elsewhere, took place in the State of Florida, he should not be enjoined from further prosecuting his Florida action.

I do not challenge the correctness of either the *Conklin* case (*supra*) or of the *Wawrzin* case (*supra*). However, in the instant case it is found as a fact that the parties hereto were at all times herein mentioned not only citizens of the State of New York, but that the defendant fraudulently induced the plaintiff to accompany him into the State of Florida for the sole purpose of avoiding the laws of this State in regard to its prohibition against any person bringing an action against another to recover damages for criminal conversation or alienation of affections.

The following is quoted from Judge Story's work on Equity Jurisprudence: " although the courts of one country have no authority to stay proceedings in the courts of another, they have an undoubted authority to control all persons and things within their own territorial limits. When therefore both parties to a suit in a foreign country are resident within the territorial limits of another country, the Courts of Equity in the latter may act in personam upon those parties and direct them by injunction to proceed no further in such suit. In such a case these courts act upon acknowledged principles of public law in regard to jurisdiction. They do not pretend to direct or control the foreign court; but without regard to the situation of the subject-matter of the dispute, they consider the equities between the parties and decree in personam according to those equities, and enforce obedience to their decrees by process in personam." (Vol. 2, § 1224, p. 578.)

It appears from the complaint and the amended bill of particulars in the Florida action that the defendant herein bases his action on acts alleged to have occurred between December, 1937, and June, 1939, in various places in the county of Erie, State of New York. A cause of action in the State of New York as to those acts is barred in New York State. Defendant herein also alleges wrongful acts to have taken place in the State of Florida. However, the Florida acts are alleged to have taken place after the plaintiff had been fraudulently induced to go to Florida for the purpose of avoiding the laws of New York.

The rule as stated by Judge Story has been applied many times both in England and in New York State. (*Bushby* v. *Munday*, 5 Madd. 297; 56 Eng. Reprint, 908; *Dinsmore* v. *Neresheimer*, 32 Hun, 204; *Locomobile Co.* v. *American Bridge Co.*, 80 App. Div. 44.) This rule is applied where "equity and good conscience require it." (*Edgell* v. *Clarke*, 19 App. Div. 199, 200.)

In *Webster* v. *Columbian Nat. Life Ins. Co.* (131 App. Div. 837) it was held that the proper practice in such a case is to bring an independent action for the purpose of restraining the defendant from prosecuting his action in the foreign State instead of moving in the action already started.

Courts of one State may restrain persons within its jurisdiction upon a proper showing from proceeding in suits in courts of another State. (*Johnson* v. *Johnson*, 146 Misc. 93; *Richman* v. *Richman*, 148 id. 387; *Greenberg* v. *Greenberg*, 218 App. Div. 104; *New York, Chicago & St. Louis Rd. Co.* v. *Matzinger*, 136 Ohio St. 271; 25 N. E. Rep. [2d] 349.)

If the defendant is allowed to continue to prosecute his Florida action he will, through his own fraud, greatly wrong and injure the plaintiff. It would be contrary to equity and good conscience to let him do so.

Equity demands that the defendant, his agents and attorneys be and each of them is restrained from prosecuting the action now pending in the State of Florida.

Let judgment enter in favor of the plaintiff and against the defendant for the relief demanded in the complaint.