Burgess v. Smith.

---

BURGESS and others vs. SMITH.

The court of chancery, in this state, has jurisdiction, and will entertain a bill of discovery in aid of the prosecution of a civil suit, in a sister state, or in a foreign tribunal, or in a court of the United States.

But it will not entertain such a bill when filed against a person who is not a party to the suit in which the discovery sought for is to be used ; even though such person is the substantial party in interest in the defence of that suit.

If the court of chancery has the power, it must be a very special case which will induce it to break over the rule, of comity and policy, which forbids the granting of an injunction to stay the proceedings in a suit commenced in a court of competent jurisdiction in a sister state.

Upon a bill of discovery in aid of the prosecution of a suit at law, an ex parte injunction ought not to be granted, where no fact is positively sworn to, as being within the knowledge of the defendant, which, if proved, would defeat the defence in the suit at law, and enable the plaintiff to recover in such suit.

THIS was an appeal, by the defendant, from an order of the late vice chancellor of the first circuit, denying an application to dissolve an injunction. The bill upon which the injunction was granted, was a bill of discovery merely ; in aid of the prosecution of a replevin suit, instituted by the complainants against Allen, in the court of common pleas for Suffolk county in Massachusetts. It appeared, from the bill, that the goods for which

the replevin suit was brought were obtained from the complainants by false pretences, and a conspiracy to defraud them out of the value of such goods. The bill stated that the conspirators, who obtained the goods of the complainants, shipped them at Boston on board a schooner, of which Allen was the master, and who signed bills of lading therefor, to deliver the goods in New-York. Allen set up, as a defence in the replevin suit, that the bills of lading were transferred by the conspirators to the defendant, who was a merchant in New-York, either as security for an antecedent debt, or for their draft on him, which he accepted on the faith of the said bills of lading. And the object of the bill was to obtain a discovery, from the defendant in this suit, as to what was tne true consideration of the assignment of these bills of lading, and whether the defendant did not know, at the time he received the same, that the conspirators Eastman, Fendrey & Co. were in the habit of obtaining goods by fraud, to be sent on to him for sale. It also appeared, by the bill, that a commission had been issued, to a commissioner in the city of New-York, to examine the defendant Smith as a witness, in the replevin suit depending in the court of common pleas in Massachusetts. But he refused to give evidence, upon the ground, as he stated on his oath, that he was the substantial party in interest, as the real defendant in that suit, and that he had employed counsel to defend the same.

Upon the filing of this bill, an injunction was granted, restraining the defendant Smith from taking any proceeding in the replevin suit which the complainants had instituted against Allen, or bringing such suit to trial, until he should have made the discovery called for by this bill; and from aiding or assisting Allen to do so. And the late vice chancellor, on an application upon the bill alone, refused to dissolve the injunction; and made the order appealed from.

*John E. Develin*, for appellants. The court of chancery will sustain a bill of discovery, to aid the prosecution or defence of a civil suit in a foreign tribunal; but if a stay of proceedings is wanted, application must be made to the court in which the

action is pending. (*Mitchell* v. *Smith*, 1 *Paige's Rep.* 287. *Mead* v. *Merritt and Peck*, 2 *Idem*, 402.) The complainant in a bill of discovery, who prays an injunction to stay proceedings at law until discovery made, must not only show that the facts of which he seeks discovery are material to the prosecution of his suit, but there must be an averment of the necessity of such discovery. (*March* v. *Davison*, 2 *Paige's Rep.* 580.)

*S. D. Van Schaack*, for respondent. The bill in this cause shows a premeditated plan, on the part of the defendant and of Eastman, Fendrey & Co. to swindle the complainants. The complainants prosecuted Allen, the master of the vessel, in replevin; Smith, the defendant in the present suit, residing in New-York. A commission is issued, and Smith is summoned to testify; but sets up that he is the actual party in interest in the defence of the suit in Massachusetts; and on that ground he is discharged by the judge, as not being obliged to testify. The complainants then file their bill of discovery against Smith in this court, with the necessary allegations, and obtain an injunction restraining him from proceeding with or bringing the replevin suit to trial, and from aiding or assisting Allen, in proceeding with or bringing the cause to trial. The defendant moves to dissolve the injunction, and cites *Mitchell* v. *Smith*, (1 *Paige's Rep.* 287,) as decisive to sustain his motion.

Before examining the question, I would cite *Mead* v. *Merritt*, (2 *Paige's Rep.* 402,) and *Bicknell* v. *Field*, (8 *Idem*, 440,) as cases on which the defendant doubtless would have relied, had the authorities occurred to him. The case of *Mitchell* v. *Smith*, decides nothing. It merely draws a distinction between asking for a discovery and for an injunction. The other cases are more definite. I understand *Mead* v. *Merritt* merely to decide, that the court of chancery will not interfere to restrain a suit or proceeding previously commenced in a court in another state, where it may be deemed to be an interference with the proceedings of such court; but nothing more. And *Bicknell* v. *Field* simply decides, that where a judgment is alleged

Burgess v. Smith.

to have been fraudulently obtained, in a court in another state, our court of chancery will not interfere, but will send the parties to the court in which judgment was entered, to have it set aside. The correctness of these decisions I do not question. They are founded on a proper regard to comity and public policy. But these decisions refer simply to the relation which this court should hold with a court of a sister state, and not to the power of our court over any person within its jurisdiction. For in *Mitchell* v. *Bunch*, (2 *Paige's Rep.* 606,) this court decided that when the person of the defendant is within its jurisdiction, the court has jurisdiction over his property situated out of its jurisdiction, and can compel him to bring it within such jurisdiction. See also 2 *Story's Equity*, § 899, where the learned commentator, after acknowledging the general principle that the courts of one country cannot exercise any control over the courts of another country, and after citing Chancellor Walworth's decision in *Mead* v. *Merritt*, as in no wise differing from the commentator's opinion, says: " When the parties to a suit in a foreign country are resident within the territorial limits of another country, the courts in the latter may act *in personam* upon these parties, and direct them, by injunction, to proceed no farther in such suit." This is to the point; and conclusive in this case. We do not even ask a party on the record to be restrained. But we seek to restrain the party in interest, being within the jurisdiction of this court, and against whom we have filed a bill for discovery. We do not interfere with a court in a sister state. We will take care of the defendant on the record in the forum where we have prosecuted him. And we ask this court, here, to restrain the defendant in this chancery suit, from aiding the defendant in the replevin suit in his defence. There can be nothing in this contrary to the decisions in the cases cited.

THE CHANCELLOR. This court has jurisdiction, and will entertain a bill of discovery in aid of the prosecution of a civil suit, in a sister state, or in a foreign tribunal, or in a court of the United States. And if this was such a case, the bill would

Burgess *v.* Smith.

not be bad upon demurrer; although the court might not consider it proper to restrain the defendant from proceeding to trial, in the suit in Massachusetts, in the meantime.   But I do not see how any discovery, which may be made by the defendant in this suit, can aid the complainants in the prosecution of the replevin suit, against Allen, in Massachusetts, to which suit the defendant Smith is not a party.   It is true, he swore that he was the substantial party in interest, and had employed the attorney and counsel to defend the replevin suit.   But Allen is not only defendant on the record, but the judgment, for damages and costs, must be against him personally, if the plaintiffs in that suit should succeed therein.   He will, therefore, have the right, upon the trial of that cause, to object that the answer in this suit, to which he is not a party, is not legal evidence against him, to charge him personally with damages and costs in the replevin suit.

Again; if this court has the power, it must be a very special case which will induce it to break over the rule of comity, and of policy, which forbids the granting of an injunction to stay the proceedings in a suit, which has already been commenced, in a court of competent jurisdiction in a sister state.   (*See Mead* v. *Merritt & Peck,* 2 *Paige's Rep.* 402.)   The bill also is defective as an injunction bill, because it is a mere fishing bill.   For no fact is positively sworn to as being within the knowledge of the defendant, which, if proved, would defeat the defence of Allen in the replevin suit.   (*See Williams* v. *Harden,* 1 *Barb. Ch. Rep.* 298.)   An ex parte injunction, therefore, should not have been granted, upon such a bill.

For these reasons the order appealed from is erroneous, and must be reversed.   And the injunction must be dissolved with costs.