## WILLIAMS vs. AYRAULT and CHAMBERLIN.

An action cannot be maintained, in the courts of this state, to enjoin and restrain the prosecution of an action commenced and pending in a court of a sister state.

A plea of a suit pending for the same matter, in a foreign state, or country, is no bar to an action here, either in equity or at law.

The *exceptio rei judicata* applies only to final judgments abroad, upon the merits of the action.

An action to recover the debt to secure which a mortgage is given, or even to foreclose a mortgage, and an action to compel a party to surrender a mortgage, to be canceled and discharged of record, are different actions entirely, and were never regarded or held to be actions for the same matter. *Per* JOHNSON, J.

The supreme court has the right and power, in a proper case, to decree a mortgage upon real estate void for usury, and to compel the party holding it, to surrender it up to be canceled, although the lands mortgaged lie in another state.

If the cause is one of equitable cognizance, and the parties are within the jurisdiction of the court, the court will exercise its authority, although the property in question lies beyond its jurisdiction.

Hence the court will decree the cancellation of a void mortgage, which is an apparent lien and cloud upon property situated beyond the jurisdiction of the court.

As a general rule, a party cannot come into a court of equity to have a usurious obligation surrendered up and canceled, if he has a perfect remedy at law. And if there are any circumstances in the case by reason of which it is difficult or impossible for him to obtain complete and perfect relief, against the usurious contract, or instrument, at law, he must state them in his complaint.

But in the case of a mortgage upon real estate, the necessity of coming into a court of equity, to have the instrument surrendered and canceled, is sufficiently apparent, without showing any reason, other than the fact that the mortgage has been executed and delivered, and placed upon record, if it is void from any cause not apparent upon its face.

In an action to compel a mortgagee to cancel and discharge of record a usurious and void mortgage which has been recorded, it is sufficient for the plaintiff to set out in his complaint the execution and delivery of the mortgage, upon his real estate, in pursuance of a usurious agreement, and that the same was duly recorded; without any reference to the question of a defense at law. SMITH, J. dissented.

Such a mortgage, being upon record, and apparently valid, though in fact void, is a cloud, which a court of equity should aid in removing.

If all the facts are alleged, which constitute a cloud upon the title, that will be regarded as sufficient, although the term cloud is not used in the complaint.

THE plaintiff, Williams, and the defendant Chamberlin, in the spring of 1854, entered into an agreement with the defendant Ayrault, to borrow of him a large amount of money, to enable them to make a purchase of land in Cleveland, Ohio, for which they were to pay interest at the rate of not less than 10, nor over 14 per cent per annum. The rate of interest was to be fixed when the final arrangement should be made for the loan. They desired Ayrault to take a share of one third or one fourth in the purchase, and he agreed to decide whether he would do so, by the 20th of June, 1854. On the 4th of April, 1854, he advanced in pursuance of this arrangement, $15,000, for which Chamberlin and Williams gave their three notes for $5000 each, with indorsers, payable 9, 12 and 15 months from date, with interest. At the same time, Chamberlin gave to Ayrault a contract, giving him a right to take one quarter of the purchase at any time previous to the 20th of June. Ayrault declined to take any interest, and on the 5th of July he made a further loan of $12,000, and extended the time of payment of the former loan, so that the whole $27,000 would become payable as follows; $5000 on the 3d April, 1855; $5000 on the 3d July, 1855; $5000 on the 3d January, 1856; $6000 on the 1st July, 1856; $6000 on the 1st July, 1857. The three sums of $5000 each were secured by the notes of Chamberlin and Williams, indorsed as before; and the two sums of $6000 each were secured by like notes with indorsers in Cleveland. All of said notes were on interest. They also gave Ayrault, for making the loan and giving day of payment of said $27,000, their own note without indorser for $4000, payable in four years, with interest biennally. To further secure the payment of the money loaned, and the $4000 note, Williams gave to Ayrault a mortgage on real property in Cleveland, which was recorded there. The securities were all made payable in New York, the rate of exchange being one half of one per cent in favor of that place, and this was done to give Ayrault another half per cent beyond lawful interest. The plaintiff insisted that by reason of the usurious agreement

the notes and mortgage were void. The complaint alleged that about $18,000 had been paid on the loan. Chamberlin refused to be joined as plaintiff in this action, and was therefore made a defendant. Ayrault was still the holder of the notes and mortgage, and had commenced an action in the common pleas of Cayahoga county, Ohio, where the lands described in the mortgage are situated, to collect two of the notes—one of $6000, and one of $5000—and to enforce the mortgage for their payment. The cause has been once tried, (in February, 1859,) and the plaintiff obtained a verdict, which was set aside, and the plaintiff believed the same would be again on the docket for trial in May, 1859. The plaintiff demanded that the notes and mortgage be declared void, and the defendant, Ayrault, be decreed to give them up, and that the mortgage might be discharged of record. On the statement of these facts, in the opening of the case by counsel, with the additional facts admitted, that Williams had set up the defense of usury in the suit in Ohio, as stated here; and that Ayrault had commenced suits in this court on two other of the notes, to which the same defense had been interposed, and that both suits were pending and undetermined, the court nonsuited the plaintiff and dismissed the complaint, on the ground that the action could not be maintained in this court.

The plaintiff excepted to the decision, and upon a case, moved for a new trial.

*H. R. Selden*, for the plaintiff.

*Scott Lord*, for the defendant.

JOHNSON, J. It was scarcely denied, by the plaintiff's counsel upon the argument, that this action, so far as it sought to enjoin and restrain the defendant Ayrault from prosecuting his action, commenced and pending in the state of Ohio, could not be maintained. This may now, I think, be regarded as the settled rule in this country, whatever may be the rule in

Williams *v.* Ayrault.

England. (*Mead* v. *Merritt*, 2 *Paige*, 402. *Burgess* v. *Smith*, 2 *Barb. Ch.* 276. *Diggs* v. *Wolcott*, 4 *Cranch*, 179. *McKee* v. *Voorhees*, 7 *id.* 279. 2 *Lead. Cas. in Eq. part* 2, *Amer. Notes*, 109.)

It is claimed, however, on the part of the plaintiff, that conceding this to be so, the complaint should not have been dismissed, and the plaintiff nonsuited, but that the action should have been tried, and the other relief, demanded in the complaint, decreed in the plaintiff's favor, if he shall be entitled to it upon his proofs. It does not appear from the case upon what ground the complaint was dismissed, at special term, and judgment ordered for the defendant. The defendant, amongst other defenses in his answer, sets up as a defense, the pendency of an action in the state of Ohio, in which he is plaintiff and Williams and Chamberlin are defendants, to enforce the collection of the demands mentioned in the complaint, including the mortgage in question, in which action the defendants, by way of defense, have set up the same matters alleged in the complaint in this action as the ground of the relief demanded. The same matter also appears from the complaint, and it is to be taken as true. But that constituted no ground for dismissing the complaint, if the plaintiff was otherwise entitled to maintain his action. A plea of a suit pending for the same matter, in a foreign state or country, is no bar to an action here, either in equity or at law. (*Lord Dillon* v. *Alvares*, 4 *Ves.* 357. *Foster* v. *Vassel*, 3 *Atkins*, 587. 1 *Barb. Ch. Pr.* 125. *Bowne* v. *Joy*, 9 *John.* 221. *Walsh* v. *Durkin*, 12 *id.* 99. *Burrows* v. *Miller*, 5 *How. Pr. R.* 51. *Cook* v. *Litchfield*, 5 *Sand.* 330.)

The *exceptio rei judicata* applies only to final judgments abroad, upon the merits of the action. But an action to recover the debt, to secure which a mortgage is given, or even to foreclose a mortgage, and an action to compel a party to surrender a mortgage, to be canceled and discharged of record, are different actions entirely, and were never regarded, or held, to be actions for the same matter. Indeed the principal object,

as appears from the complaint, was to have the mortgage and notes mentioned in the complaint declared void for usury and to have the defendant Ayrault decreed to give up the mortgage to be canceled. If the plaintiff was entitled to this relief, the action should have been retained and tried, although he was not entitled to the injunction. If he had one good cause of action, that was enough to prevent a dismissal or nonsuit, when the case was brought on for trial. There can be no doubt whatever of the right and power of this court, in a proper case before it, to decree a mortgage upon real estate void for usury, and to compel the party holding it to surrender it up to be canceled, although the lands mortgaged lie in another state. If the cause is one of equitable cognizance, and the parties are within the jurisdiction of the court, such court will exercise its authority, although the property in controversy lies beyond its jurisdiction. This power has been frequently exercised to compel parties to perform their contracts specifically, and execute conveyances of lands in other states, and also to set aside fraudulent conveyances of lands in other states. And the same principle would clearly authorize the cancellation of a void mortgage, which was an apparent lien and cloud upon property beyond the jurisdiction of the court. (*Mitchell* v. *Bunch*, 2 *Paige*, 606. *Mead* v. *Merritt, Id.* 402. *De Klyn* v. *Watkins*, 3 *Sandf. Ch.* 185. *Massie* v. *Watts*, 6 *Cranch*, 148. *See also notes to Penn* v. *Lord Baltimore*, 2 *Lead. Eq. Cas. part* 2, *where most of the American cases are collected.*)

The only question, as I conceive, as to the right of the plaintiff to maintain the action, which presents any difficulty, is whether facts enough are alleged in the complaint to make out a case of equitable cognizance. It is not every case of an usurious obligation which will authorize a party to it to come into a court of equity, to have it surrendered up and canceled. As a general rule, he cannot come into a court of equity for that species of relief, if he has a perfect remedy at law. And if there are any circumstances in the case by reason of which

Williams *v.* Ayrault.

it is difficult or impossible for him to obtain complete and perfect relief, against the usurious contract, or instrument, at law, he must state them in his complaint, in which such relief is sought. (*Perrine* v. *Striker,* 7 *Paige,* 598. *Morse* v. *Hovey,* 9 *id.* 197. *Folsom* v. *Blake,* 3 *Edw. Ch.* 442.) These cases, however, it is to be observed, are all cases of promissory notes; and there is great reason for holding, in such cases, that the special reason why a party could not have complete relief, in his defense to an action at law, before coming into a court of equity, should be set out. But in the case of a mortgage upon real estate it seems to me the necessity of coming into a court of equity, to have the instrument surrendered and canceled upon the record, is sufficiently apparent without showing any reason, other than the fact that the mortgage has been executed and delivered, and placed upon record, if it is void for any cause, not apparent upon its face. The statute authorizes such a proceeding, without any qualification, and no court can fail to see that a successful defense, to an action at law to recover the debt, would still leave the mortgage upon the record an apparent incumbrance. In *Ward* v. *Dewey,* (16 *N. Y. Rep.* 519,) Selden, J. in his opinion, says, "in cases where the title to real estate is, or may be affected, it seems never to have been regarded as a sufficient objection to a bill seeking relief, in equity, that the complainant has a perfect legal defense." The distinction in this respect between mere personal obligations and those which affect real estate, is entirely settled, in England. And these decisions are recognized as sound law by the learned justice in his opinion in the case above cited. (*Byne* v. *Vivian,* 5 *Vesey,* 604. *Byne* v. *Potter, Id.* 609. *Bromley* v. *Holland,* 7 *id.* 3.) It seems to me this distinction is founded in sound reason, and ought to prevail here, especially in view of the provisions of our statute. If these views are correct, it was sufficient for the plaintiff to set out in his complaint the execution and delivery of the mortgage upon his real estate in pursuance of the

usurious agreement, and that the same was duly recorded, without any reference to the question of a defense at law.

It is urged by the defendants' counsel, as a sufficient objection to the maintenance of the action, that there is no specific allegation in the complaint, that the plaintiff was, at the time of the execution and delivery of the mortgage, the owner of the mortgaged premises, or that he is now the owner thereof. But this, I think, sufficiently appears from the complaint. It is distinctly alleged that the plaintiff owned the property mortgaged, at the time of making the corrupt agreement, and the mortgage is referred to and made part of the complaint, by annexing a copy thereof as a schedule. From this copy it appears that the plaintiff covenanted in the mortgage that he was, at the time of its execution and delivery, the owner in fee of the premises therein described. It is true that it is nowhere alleged, in terms, that the plaintiff, at the time of the commencement of the action, held the title to the mortgaged premises. But the law will presume that the title remained as it was at the time the mortgage was made, until the contrary is in some manner alleged or proved. No such defense is interposed in the answer, and I think it was not a valid objection to the plaintiff's proceeding with the trial of his action, at that stage, upon the issues made by the pleadings. It can scarcely be pretended that the facts stated in the complaint failed to constitute a cause of action, by reason of the absence of that distinct averment. The dismissal at the special term was not, I apprehend, put upon any such ground, but upon the ground that the complaint failed to show that the plaintiff had not a perfect remedy, by a defense to an action brought to recover the debt. If this was unnecessary, as I think it most clearly was, in an action to compel a mortgagee to cancel, and discharge of record, an usurious and void mortgage which has been recorded, the decision at special term was erroneous.

The complaint, upon any fair and reasonable construction, shows the execution of the mortgage by the plaintiff, upon his

real estate, and its delivery to the defendant, who placed it upon record, in pursuance of an agreement clearly usurious, and that the defendant still holds the same and claims to enforce it, as a lien and incumbrance upon the plaintiff's real estate. Being upon record, and apparently valid, though in fact void, it is a cloud which a court of equity should aid in removing. All the facts are alleged, which constitute a cloud upon title; and that must be regarded as sufficient, although the term cloud is not used in the complaint. Taking the facts alleged in the complaint to be true, which must be assumed for the purpose of considering the question here presented, the cloud is quite apparent to the court. I am of the opinion, therefore, that the complaint was improperly dismissed, and that the plaintiff had the right to have the issues made by the pleadings tried at the special term, and the case determined upon the evidence, as well as the pleadings. It follows that there must be a new trial, with costs to abide the event.

KNOX, J. concurred.　　E. DARWIN SMITH, J. dissented.

New trial granted.

[CAYUGA GENERAL TERM, June 4, 1860. *Smith, Johnson* and *Knox,* Justices.]