·four or five stories between the plaintiff and defendant's employés, from which an iron bolt could have been kicked or dropped.

For these reasons, I am unable to concur with the other members of the court in reversing the judgment and directing a new trial. I think the judgment is right, and should be affirmed.

---

ALLISON v. EAGLE INS. CO. OF LONDON, ENGLAND, et al.

(Supreme Court, Appellate Division, First Department.   April 7, 1911.)

INJUNCTION (§ 33*)—TEMPORARY INJUNCTION—SUIT PENDING IN ANOTHER STATE.

In a suit by a legatee to annul an assignment of part of the legacy, the assignee will not be enjoined pendente lite from proceeding to collect under the assignment in pending probate proceedings in another state, where such proceedings were properly brought to finally settle the estate, and every question raised can be litigated therein.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § ʲ70; Dec. Dig. § 33.*]

Appeal from Special Term, New York County.

Action by Elwood Clare Allison against the Eagle Insurance Company of London, England, and others. From an order granting an injunction pendente lite, the company appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Henry W. Taft, for appellant.
Edward S. Schwartz, for respondent.

McLAUGHLIN, J.   William Clare Allison, the grandfather of this plaintiff, died on the 30th of November, 1891, leaving a last will and testament, which was admitted to probate in the orphans' court of Philadelphia county in the state of Pennsylvania. By the will the plaintiff was given a legacy of $30,000, contingent upon his survival of the period of distribution, which was fixed after the attainment of full age of the testator's youngest living grandchild, and in the discretion of his executors and trustees not later than some time in the year 1911. If the plaintiff were not then living, the legacy was bequeathed to his children and their issue, if any were deceased. On the 16th of June, 1903, the plaintiff assigned to the appellant, a foreign corporation organized and existing under the laws of Great Britain, $20,500 of this legacy. The assignment was drawn in the state of New York, but delivered to the appellant in London, England, on or about July 1, 1903. The testator at the time of his death was a resident of the state of Pennsylvania, as were also the executors and trustees named in his will, and the fund or property given in trust then and now is in that state. In December, 1910, the executors and trustees proceeded to settle the estate, and for that purpose filed their accounts in the orphans' court of Philadelphia in the state of Pennsylvania. The appellant and respondent both had notice of such pro-

:eeding and appeared therein by their respective counsel; this plaintiff objecting to the payment of the legacy referred to, or any part of it, to the insurance company. Before the objection had been passed upon, the proceeding for the settlement of the estate was at respondent's request adjourned, and pending the adjournment this action was brought to procure a judgment, among other things, declaring the assignment null· and void, and enjoining the executors and trustees from paying to the insurance company, and it from collecting, the legacy or any part of it, or taking any action or proceeding whatsoever towards enforcing or seeking to enforce payment of the same. After the summons and complaint had been served upon the insurance company, the plaintiff, upon such papers and an affidavit, applied, by an order to show cause, for an injunction pendente lite enjoining and restraining the insurance company from taking any action whatever, except in this action, looking towards the payment to itself of such legacy or from accepting or receiving the same from the executors or trustees, and also from assigning or transferring the assignment referred to. The application was granted, and the insurance company appeals from the order.

As already stated, the testator's will was admitted to probate in the state of Pennsylvania and letters testamentary issued to the executors and trustees by the orphans' court of that state, which had jurisdiction of the subject-matter. The executors and trustees reside in that state, the fund is there located, and under the statute they are required to account to and receive their discharge from that court. The proceeding looking to the final settlement of the estate was therefore properly instituted in the state of Pennsylvania, and every question sought to be litigated in this action can be determined in the proceeding now pending in that state. That proceeding was commenced before this action, and there is no reason suggested why this court should exercise the power which it possesses to restrain the insurance company from having its rights there determined. It is only in extreme or extraordinary cases that this court will exercise such power or "break over the rule of comity, and of policy, which forbids the granting of an injunction to stay the proceedings in a suit which has already been commenced in a court of competent jurisdiction in a sister state." Burgess v. Smith, 2 Barb. Ch. 276; Mead v. Merritt, 2 Paige, 402.

The question presented in Williams v. Ayrault, 31 Barb. 364, is somewhat similar to the one here presented. There, among other relief, an injunction was sought in an action to cancel an alleged usurious mortgage, and to prevent the holder from prosecuting an action for its foreclosure in the state of Ohio where the land covered by the mortgage was situate. The mortgage was delivered in the state of New York, where one or both of the parties resided. The complaint was dismissed at the trial. On appeal the judgment was reversed, but in the opinion, which was delivered by Johnson, J., he took occasion to say, referring to the injunction asked, that:

"It was scarcely denied by the plaintiff's counsel, upon the argument, that this action, so far as it sought to enjoin and restrain the defendant Ayrault from prosecuting his action, commenced and pending in the state of Ohio,

could not be maintained. This may now, I think, be regarded as the settled rule in this country, whatever may be the rule in England."

In Savage v. Allen, 54 N. Y. 458, the rule is set forth as follows:

"The proposition that a separate action may under our present system be maintained to restrain by injunction the proceedings in another suit in the same or in another court between the same parties, where the relief sought in the later suit may be obtained by a proper defense to the former one, has long since been exploded, or, if not, should be without delay."

See, also, Pond v. Harwood, 139 N. Y. 111, 34 N. E. 768; Griffith v. Dodgson, 103 App. Div. 542, 93 N. Y. Supp. 155; Edgell v. Clarke, 19 App. Div. 199, 45 N. Y. Supp. 979.

It may be that it would be more convenient and less expensive for the plaintiff to litigate the validity of the assignment in this action than to do so in the proceeding pending in the orphans' court of Philadelphia, but, if so, that is not a sufficient reason why the insurance company should be enjoined from having its rights determined in that proceeding, if that can be done before this action can be tried.

It follows the order appealed from is reversed, with $10 costs and disbursements, and the motion to continue the injunction pendente lite denied, with $10 costs. All concur.

===

### HILL v. McKANE et al.

(Supreme Court, Special Term, New York County. April 17, 1911.)

1. ACTION (§ 48*)—JOINDER—SAME TRANSACTION.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 490–510; Dec. Dig. § 48.*]

2. ACTION (§ 45*)—JOINDER—CONSISTENCY.

Where two or more causes of action arise upon entirely disconnected facts, there can be no inconsistency between them.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 45.*]

3. ACTION (§ 45*)—JOINDER.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–448; Dec. Dig. § 45.*]