IRVING A. SARTORIOUS et al., Copartners under the Firm Name of SARTORIOUS & SMITH, Plaintiffs, *v.* WILLIAM W. COHEN et al., Copartners under the Firm Name of WILLIAM W. COHEN & COMPANY, Appellants, and LOUIS P. GLASS, Respondent, Impleaded with Others.

(Argued June 7, 1928; decided July 19, 1928.)

*James F. Donnelly* and *Irwin M. Berliner* for appellants. The defendant Glass, having full knowledge of the execution by the appellant of the trade and having failed to act for eleven days after such knowledge, fully adopted the trade and was bound thereby, especially since the market position changed against the broker. (*Rockland-Rockport Lime Co.* v. *Leary*, 203 N. Y. 469; *Brown* v. *Palmer*, 111 App. Div. 909; *Schorestene* v.

*Iselin*, 69 Hun, 250; *Matter of Aegra, etc., Bank,* L. R. 2 Ch. 391; *Maitland* v. *Chartered M. Bank,* 2 H. & M. 440; *Canada Union Bank* v. *Cole,* 47 L. J. C. P. 100; *Crowell* v. *Hopkinton,* 45 N. H. 9; *Beckwith* v. *Brackett,* 97 N. Y. 52; *Dent* v. *N. A. S. S. Co.,* 49 N. Y. 390; *Knudtsen* v. *Remmel,* 141 App. Div. 445; *Miller* v. *McKenzie,* 95 N. Y. 575; *L'Amoreux* v. *Gould,* 7 N. Y. 349.) If Glass desired to repudiate the trade executed by his broker, he owed the duty to the broker, after knowledge, with reasonable promptness to notify the broker of such repudiation, so that the broker might protect himself. (*Glor* v. *Kelly,* 49 App. Div. 617; 166 N. Y. 589; *Merritt* v. *Bissell,* 84 Hun, 194; 155 N. Y. 396; *Hess, etc., Co.* v. *Baar,* 14 Misc. Rep. 286; *New York, Prov., etc., R. Co.* v. *Dixon,* 114 N. Y. 80.)

*Max Rosenblum* for respondent. It was the duty of the defendants William W. Cohen & Co., the appellants, to notify the plaintiffs of the transaction of November 9, 1925, that the plaintiffs were " given up " to the extent of 10,000 bushels December old wheat by their customer Glass, the respondent, through them, the defendants. (*Rait* v. *Carpenter,* 78 Misc. Rep. 385; *Gruman* v. *Smith,* 81 N. Y. 25.) The failure of the defendants-appellants to notify the plaintiffs of the transaction caused the loss which occurred and, therefore, it must be borne by them. (*McKay* v. *Hudson,* 118 Fed. Rep. 919; *Rugg Co.* v. *Ormrod,* 198 N. Y. 119; *Allen* v. *McConihe,* 124 N. Y. 342.)

KELLOGG, J. This is an action brought by the plaintiffs, a firm of stockbrokers, against its customer, the defendant Louis P. Glass, and other defendants, who are stockbrokers, to declare the rights and liabilities of the parties in reference to a brokerage transaction, initiated by the defendant Louis P. Glass.

The defendant Glass had an account with the plaintiffs, through whom he frequently bought and sold securities

and commodities. The books of the plaintiffs' firm, on November 9, 1925, showed that Glass was "long" twenty thousand bushels of December old wheat. On that day Glass told the defendants Sailing W. Baruch and Company, a firm of brokers, to sell twenty thousand bushels of December old wheat, and "to give up ten thousand bushels to H. L. Horton and ten thousand to Sartorius and Smith, through W. W. Cohen and Company." Pursuant to orders given by Baruch and Company ten thousand bushels of wheat were sold through or for the account of the defendant W. W. Cohen and Company. Immediate notice was given by Baruch and Company to Glass of the sale thus made. The Cohen firm, as has been found, neglected to make immediate report of the sale to Sartorius and Smith, who had been "given up" to them. Meanwhile a sale of ten thousand bushels had been made through H. L. Horton, of which the plaintiffs received prompt notice. The price of wheat made an advance. On or about November 20th, Glass asked the plaintiffs how his account with them stood. They replied that he was long ten thousand bushels. Glass asked if they had had no report of a sale through W. W. Cohen and Company. They replied that they had not. Glass then directed the plaintiffs to sell him out. Whereupon the plaintiffs sold ten thousand bushels of wheat for the account of Glass. When Cohen and Company reported their sale to the plaintiffs, on December 1st, the plaintiffs and Glass declined to accept the transaction. Thereafter Cohen and Company, in order to protect itself, purchased ten thousand bushels of grain at a price far in advance of the price at which it had sold.

We perceive no reason why Glass should not reimburse Cohen and Company for the loss sustained. Glass ordered the sale to be made. He named the Cohen firm as the brokers to make it. It was made in accordance with his instructions. Manifestly Cohen and Company were

the agents of Glass throughout the transaction. If the market price for grain had receded no doubt the profit would have belonged to Glass. Equally, the loss must have been his when the market rose. It is true that the plaintiffs Sartorius and Smith had been " given up " to Cohen and Company. We are advised of no street usage which gives to these words a meaning peculiar to the brokerage business. In the absence of such advice, we take them to mean that the plaintiffs were named by Glass as brokers to whom Cohen and Company were advised to report, in order that the transaction might be charged to the account which Glass had with the plaintiffs. It was a designation of a means by which the Cohen firm, with whom Glass had no account, might relieve itself from possible loss through the transaction to be made. The fact that Cohen and Company did not avail itself of the means proffered for its relief should not operate to exonerate Glass. The credit of Glass was pledged when the transaction was ordered to be made. The pledge continued until, through payment by Glass or the plaintiffs, the debt to Cohen and Company was satisfied. No loss resulted to Glass through the failure of Cohen and Company to report to the plaintiffs, for Glass himself received prompt notice of the sale. He admits that he knew of the sale when he ordered the plaintiffs to sell an additional ten thousand bushels of grain. He was asked: " You knew that you had sold these ten thousand bushels through W. W. Cohen and Company, didn't you? " The context shows that the question related to the time when Glass ordered the additional sale. His answer was " Yes." Clearly, Glass was not induced to make the sale through ignorance of the sale made by Cohen and Company. Why did he make it? The answer seems obvious. The market had risen. If he could successfully disown the Cohen sale, and make another sale at a higher price, he would secure an advantage. He made the sale and hitherto he has been

protected in the advantage obtained at the expense of Cohen and Company. We know of no reason in law or good morals why he should be permitted to retain it. The sale was by Glass through Cohen and Company, his agents. It resulted in a loss. No fault of Cohen and Company contributed to that loss. Clearly, the principal, Glass, not the agent, Cohen and Company, should bear the loss.

The judgment should be modified to provide that the defendant Louis Glass is liable to the defendant W. W. Cohen and Company for the loss sustained by it through the purchase and sale of ten thousand bushels of wheat made for the account of Louis Glass, and further modified to relieve the defendant W. W. Cohen and Company from the payment of costs to the plaintiffs, and, as modified, affirmed, with costs in all the courts against the defendant Glass.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur.

Judgment accordingly.