MERRITT-CHAPMAN & SCOTT CORPORATION, Respondent, *v.* MUTUAL BENEFIT LIFE INSURANCE COMPANY, Appellant.

First Department, November 18, 1932.

*Charles E. Hughes, Jr.,* of counsel [*John F. Caskey* and *Francis C. Reed* with him on the brief; *Hughes, Schurman & Dwight,* attorneys], for the appellant.

*Stephen P. Anderton* of counsel [*Edward K. Hanlon* and *Paul Donovan* with him on the brief; *Beekman, Bogue & Clark,* attorneys], for the respondent.

SHERMAN, J. Insurance policies upon the life of William H. Baker, plaintiff's president, were issued by a number of insurance companies in the aggregate sum of about $1,000,000, under which plaintiff is the beneficiary. This is one of ten equity suits, alike in substance, instituted by plaintiff in which relief is sought by way of injunction, restraining the insurers from proceeding with suits in the Court of Chancery of the State of New Jersey and in the Court of Chancery of the State of Delaware in which they, as complainants, seek rescission of the policies of life insurance, of which plaintiff is the beneficiary. The complaint herein asks such injunctive relief until after the determination of another pending action brought by this plaintiff in the Supreme Court, New York county, against defendant to recover upon the policies.

Injunction orders were entered upon plaintiff's motion in this, as well as in nine like suits, restraining *pendente lite* the insurer from proceeding in the New Jersey and Delaware actions. This is one of ten appeals taken by each defendant insurer, from such orders which were argued together in this court, it being conceded that the question presented for review is virtually the same upon each appeal. (See 236 App. Div. ——.) The real controversy at issue between plaintiff and the several insurers is the same in each case, and the disposition here made is controlling on all the other appeals.

In September, 1931, defendant issued two policies in the sum of $100,000 each on the life of Mr. Baker, wherein plaintiff was named as beneficiary. Plaintiff is a Delaware corporation. Mr. Baker was a resident of the State of New Jersey where he died and in which State his estate is being administered.

Mr. Baker died on May 13, 1932, and plaintiff furnished defendant with proofs of death, as required by the policies. Defendant, in concert with other insurance companies, after conducting an investigation, tendered to plaintiff the premiums previously paid and demanded the surrender of the policies for cancellation. This tender and request were refused by plaintiff on June 28, 1932, and

immediately litigation ensued between the plaintiff and the various insurers.

To each policy is attached an application signed by Mr. Baker containing alleged misstatements, in that the insured is claimed to have failed to divulge his sojourn at the Battle Creek Sanitarium for observation, treatment and diagnosis shortly before he applied for the policy and in that he replied in the negative to the question in the application, " Has any unfavorable opinion as to your fitness for insurance ever been expressed? " whereas, in fact, three doctors had previously informed him that he was uninsurable.

The record contains averments which if established at trial would suffice to sustain the position taken by the defendant in contesting liability under the policies and would require their cancellation.

After the refusal of the tender, defendant on the same day filed verified bills for cancellation and surrender in the Chancery Court of New Jersey, and also in the Chancery Court of Delaware, seeking rescission. A subpoena was issued on that date in the New Jersey rescission suit and mailed to the sheriff of Hudson county for service on plaintiff. On the next day the Delaware Chancery Court issued its subpoena in the like suit and mailed it to the sheriff of Kent county, Del., for service on plaintiff.

Plaintiff, a Delaware corporation, is licensed to transact business in New York and New Jersey, and maintains its principal business office in the city of New York.

On the morning of June 29, 1932, plaintiff served the Superintendent of Insurance of this State, as the statutory agent of the defendant (which is a New Jersey corporation), with a summons in an action in the Supreme Court of this State. No complaint accompanied that summons, but the complaint was served on July 29, 1932, and seeks recovery of the amount of the policies. On June 29, 1932, the motion for preliminary injunction as prayed for in the complaint was filed by the complainant in the Delaware suit, and a rule to show cause was issued why a preliminary injunction should not be granted restraining this beneficiary from instituting and prosecuting actions upon the insurance policies, which motion was set for argument in September, 1932.

On July 5, 1932, plaintiff (there defendant) served a notice of motion in the rescission suit pending in New Jersey to dismiss the bill of complaint, which motion the vice-chancellor heard upon arguments and briefs. On August 3, 1932, the vice-chancellor denied plaintiff's motion to dismiss the bill of complaint and accompanied this denial with a comprehensive opinion which stated that the grounds upon which the dismissal motion had been predicated were that the bill of complaint did not state an equitable

cause of action and that the court was without jurisdiction to entertain the bill because the complainant had an adequate remedy at law. In the course of that opinion he stated: " Facts constituting the alleged fraud are set out in detail and if true there can be no question as to complainant's right to relief."

Thereafter plaintiff filed its answer to the bill of complaint in the New Jersey suit on August 25, 1932, and issue having been joined thereon by the filing of a replication, that rescission suit was on September 7, 1932, with the written consent of defendant (plaintiff here), referred to the vice-chancellor for final hearing.

On September 14, 1932, a demurrer previously filed on July eighteenth by defendant (plaintiff here) in the Delaware rescission suit was voluntarily withdrawn; previously, and on September 6, 1932, the insurer had filed affidavits in support of the rule for the preliminary injunction in the Delaware rescission suit, and upon the withdrawal of the demurrer, defendant (plaintiff here) in that action was required to answer the bill of complaint on or before September 23, 1932.

It was at this juncture in the litigation, which was proceeding in three States, that plaintiff commenced this equity action to restrain defendant from proceeding further in the New Jersey and Delaware courts and served an order to show cause why a preliminary injunction should not issue herein, resulting in the preliminary injunction, from which this appeal has been taken.

As a general rule, one court will not enjoin proceedings in an action pending in another court of competent jurisdiction involving the same subject-matter, unless it has a clear priority of jurisdiction, or exceptional circumstances are shown to exist which require such drastic remedy. As stated in *Burgess* v. *Smith* (2 Barb. Ch. 276, at p. 280): " If this court has the power, it must be a very special case which will induce it to break over the rule of comity, and of policy, which forbids the granting of an injunction to stay the proceedings in a suit which has already been commenced in a court of competent jurisdiction in a sister State."

This ruling was recently re-enunciated in *Colson* v. *Pelgram* (259 N. Y. 370, at p. 376): " It is elementary that courts should exercise the power to issue an injunction restraining the prosecution of a prior suit only in cases where the necessity therefor is clearly established."

This plainly states the criterion in a case where the parties can obtain complete relief in the action in which the proceedings are sought to be enjoined. (*Colson* v. *Pelgram*, 259 N. Y. 370; *Locomobile Co.* v. *American Bridge Co.*, 80 App. Div. 44; *Schuehle* v. *Reiman*, 86 N. Y. 270; *Gaunt* v. *Nemours Trading Corporation*,

194 App. Div. 668.) Here, moreover, there is no *res* within the jurisdiction of this court which must be protected and administered here, for this suit is transitory in character.

It is not indubitably clear that the actions begun in New York had any real priority in time over the suits commenced in New Jersey and Delaware. The time when the suit is deemed to have been commenced in these sister States is a question to be determined by their law, and the record contains affidavits from distinguished members of the bar of those States setting forth their opinions.

There is substantial ground for the view that the equity suits were commenced at the instant that the subpœnas were put in process of being delivered to the sheriff's office for service, provided of course that the process was later actually served. (*Hermann* v. *Mexican Petroleum Corp.*, 85 N. J. Eq. 367; *Bittles* v. *West Ridgelawn Cemetery*, 108 id. 357, 358; *Lehigh Valley R. R. Co.* v. *Andrus*, 91 id. 225, 229; *Farmers' Loan & Trust Co.* v. *Lake Street R. R. Co.*, 177 U. S. 51; *McCaulley* v. *Rice & Co.*, 6 Houst. [Del.] 475.) Indeed in the eye of the law, the later actual service may be said to relate back to the hour of the issuance of the subpœna. For these reasons we hold that the New Jersey suit preceded the New York action.

Nor should courts be over keen to determine mere precedence in time resting upon a nicety of calculation of hours or minutes. For mere precedence in point of time of serving of process, in and of itself, is not of such controlling importance as to require a court to assume complete control of litigation or to warrant it in issuing an injunction to frustrate pending litigation in another forum which has equal jurisdiction to determine the controversy and grant relief. Equity does not grant such extraordinary relief by way of injunction except upon necessity therefor being made manifest. Rules of comity should prevail between courts and it is not the practice of courts to interfere with proceedings in another court unless they appear to be vexatious or oppressive or instituted to obtain some unjust or inequitable advantage. (*Savage* v. *Allen*, 54 N. Y. 458.) The issuance of an injunction upon a tenuous basis must be avoided, for it tends to destroy comity and is productive of conflict between courts. Such an injunction order should rest upon a more substantial basis than the mere time element.

An important fact here is that plaintiff took part in the suits in New Jersey and Delaware so long as it seemed desirable to litigate there. It was only when there was danger of a final adverse decision as foreshadowed in the opinion of the vice-chancellor that

this application was made in New York for the preliminary injunction below.

Plaintiff asserts that the rescission suits were not brought in good faith but with the design to annoy and vex the beneficiary. We may not say that this charge is established. Defendant has set forth the evidence upon which it relies and shows that the New Jersey suit was brought in the State of its incorporation because there the insured resided and signed the insurance application, and his estate is being administered in that State. It asserts that the Delaware suit was instituted because plaintiff is a Delaware corporation and there existed some doubt in the mind of its attorney whether jurisdiction might be procured over plaintiff by a service in New Jersey. Upon the argument here, counsel stated that defendant proposed (if the injunction be vacated) to go forward with the New Jersey action, now that jurisdiction had been obtained in that suit and that the Delaware action would not be pressed.

Respondent relies upon the decision in this court of *Webster* v. *Columbian National Life Ins. Co.* (131 App. Div. 837; affd., without opinion, 196 N. Y. 523) as justifying the issuance of the injunction below. There an injunction was upheld against a Massachusetts corporation licensed to do business in this State. The insurance company more than a year after the death of the insured and when the action brought upon the policy by the beneficiary, which had been long pending upon the calendar of the Supreme Court of New York county was about to be reached for trial, filed its bill in Massachusetts, seeking the cancellation of the policy. The beneficiary and insured were both residents of this State and this court reached the conclusion that the bill of complaint as filed in Massachusetts did not even state facts sufficient to constitute a cause of action.

In other words, the insurer, apparently trifling with the courts and seeking to harass its own beneficiary, began a belated action without merit which, as stated in the opinion, was " deemed to have been brought in bad faith." That decision is far from being a precedent which requires an injunction to issue under the facts and circumstances set forth here.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

Finch, P. J., and Townley, J., concur; Martin, J., concurs in result.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.