E. B. Latham & Company, Respondent, *v.* Mayflower Industries et al., Defendants-Appellants, and Thor Corporation, Defendant-Respondent.

First Department, March 13, 1951.

*Mortimer S. Gordon* of counsel (*Leroy C. Curtis* with him on the brief; *Gordon, Brady, Caffrey & Keller,* attorneys), for appellants.

*Edward H. McAloon* (*William T. Mulcahy* and *Nathan Hirschberg* with him on the brief), for plaintiff-respondent.

*Franklin B. Lincoln, Jr.* of counsel (*Lundgren & Lincoln,* attorneys), for defendant-respondent.

COHN, J. Prior to March 10, 1950, defendant Mayflower Industries (hereafter called " Mayflower ") was a distributor of home laundry products manufactured by defendant Thor Corporation (hereafter called " Thor ") pursuant to an oral agreement between Thor and Mayflower. The agreement provided that Mayflower was to be Thor's distributor in certain counties in New Jersey; and that Mayflower with plaintiff E. B. Latham & Company, a domestic corporation (hereafter called " Latham "), was to be a codistributor of Thor products in the metropolitan New York territory.

Plaintiff claims that the Mayflower distributorship was terminable at the will of either Mayflower or Thor and that on

March 10, 1950, Thor terminated the Mayflower agreement and thereupon appointed plaintiff Latham sole distributor in the metropolitan area and designated Teldisco, Inc., a New Jersey corporation, as distributor of Thor products in the New Jersey territory where Mayflower had previously been distributor.

After alleging the foregoing, plaintiff charges in its complaint that appellants, with knowledge of the existing contractual relationship between Thor and plaintiff, wrongfully conspired to interfere with that contractual relationship and that pursuant to the conspiracy Mayflower obtained an ex parte order in the Superior Court of New Jersey, Chancery Division, in an action brought in that State by Mayflower against Thor and Teldisco, which restrained Thor from selling or distributing directly or indirectly Thor products to Latham or to anyone else for delivery to any Thor dealer in the New York or New Jersey area who had previously obtained Thor products from Mayflower.

Appellants, other than Mayflower, are defendant Morris S. Segal Corporation, which is alleged to be the sales agent of Mayflower in the conduct of its business, and defendant Morris S. Segal, who is alleged to be principal stockholder and the dominant figure in both the Mayflower and Segal corporations.

The ex parte order was allegedly obtained in the New Jersey court upon Mayflower's claim there that its distributorship contract with Thor was to remain in full force and effect for as long as Thor would be engaged in the manufacture of home appliances and that it was not terminable at the will of Thor. Plaintiff states that in the New Jersey action Thor denied it had entered into such an agreement with Mayflower. The ex parte restraining order obtained by Mayflower, it is asserted, interferes with plaintiff's contractual relation with Thor and will cause loss of profits and loss of good will for plaintiff and defendant Thor.

The relief demanded in the complaint is for:

(a) Declaratory judgment that the arrangements between Thor and Mayflower have been legally terminated by Thor.

(b) Declaratory judgment that dealers franchised by Thor are Thor dealers and that Latham has a right to sell Thor products to all such dealers in the New York territory.

(c) (1) An injunction enjoining Mayflower, Morris S. Segal Corporation and Morris S. Segal from prosecuting any action anywhere, including the action by Mayflower against Thor and Teldisco in New Jersey.

(2) An injunction enjoining Mayflower, Segal Corporation and Segal from doing anything to have adjudicated elsewhere than in this court, the validity of the Latham-Thor contract, or the right to prevent sales of Thor products to Latham by Thor for purpose of resale by Latham in the metropolitan New York area.

(d) A mandatory injunction directing defendants Mayflower and Segal to discontinue the action in New Jersey by Mayflower against Thor so far as the same relates to the validity of the contract between Latham and Thor.

(e) Damages for interference with Latham-Thor contract rights.

The general rule is that the courts of this State will decline to interefere by injunction to restrain its citizens from proceeding in an action commenced in the courts of a sister State. It is only in extreme and extraordinary cases that the court will break the rule of comity which forbids the granting of an injunction to stay proceedings which have been commenced in a foreign court of competent jurisdiction (*Merritt-Chapman & Scott Corp.* v. *Mutual Benefit Life Ins. Co.*, 237 App. Div. 70, 74; *Allison* v. *Eagle Ins. Co.*, 144 App. Div. 74, 76; *Burgess* v. *Smith*, 2 Barb. Ch. 276; *Edgell* v. *Clarke*, 19 App. Div. 199). In *Savage* v. *Allen* (54 N. Y. 458, 463) the court said: '' The proposition that a separate action may, under our present system, be maintained to restrain by injunction the proceedings in another suit, in the same or in another court, between the same parties, where the relief sought in the later suit may be obtained by a proper defence to the former one, has long since been exploded, or, if not, should be without delay.''

There are exceptions as where it can be shown that the suit sought to be restrained, is not brought in good faith, or that it was instituted for the purpose of vexing or harassing the party seeking the injunction. A foreign suit will also be enjoined where it is motivated by fraud or its purpose is to evade the law of the domicile of the parties (*Paramount Pictures* v. *Blumenthal*, 256 App. Div. 756). Only in cases where the necessity of equitable interference to prevent a failure of justice is clearly established should such relief be granted (*Colson* v. *Pelgram*, 259 N. Y. 370, 375, 376).

Aside from the fact that plaintiff is asking our court to enjoin Mayflower, a New Jersey corporation, and Morris S. Segal, a New Jersey resident, from prosecuting in the New Jersey court an action against Thor, an Illinois corporation

qualified to do business in New Jersey, and Teldisco, Inc., a New Jersey corporation, a suit in which plaintiff is not a litigant, we think that the complaint insofar as it seeks injunctive relief is insufficient. There is no allegation in the pleading that the New Jersey action was instituted in bad faith or that it was motivated by fraud or in an attempt to evade the law or public policy of this State. The mere averment that appellants conspired to have Mayflower bring the action in New Jersey does not suggest any wrongful purpose.

It is our view also that the complaint omits to set forth facts sufficient to permit the granting of a declaratory judgment. There are no disputed jural relations between plaintiff and defendants Mayflower, Segal Corporation and Segal.

Plaintiff contends that it must seek a declaration of its rights in its contract entered into with Thor on March 10, 1950, because of the cloud cast upon these rights by appellants; that the present action is one in which all the parties interested in the validity of the Latham-Thor contract are before the court; that plaintiff may select the forum in which to ask relief.

Concededly there is full agreement between plaintiff and Thor. The legal relations in dispute are those between Mayflower and Thor. Although it is true that the existence of such a controversy may cast a cloud upon the rights of the plaintiff under its contract with Thor, that does not mean that plaintiff by resort to an action for a declaratory judgment may select a forum wherein Mayflower and Thor shall litigate their dispute and in which plaintiff would mainly be a mere spectator.

A motion to dismiss the complaint in an action for declaratory judgment poses the question as to whether a proper case for invoking jurisdiction of the court to make a declaratory judgment is presented (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 50, 51). The court, if possible, should decide at the threshold of the action when the issue is raised, whether or not to assume jurisdiction (*Red Robin Stores* v. *Rose*, 274 App. Div. 462, 466).

In *James* v. *Alderton Dock Yards* (256 N. Y. 298, 305) the Court of Appeals summarized the pertinent law as follows: " The use of a declaratory judgment, while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary. The discretion must be exercised judicially and with care. (*Westchester Mortgage Co.* v. *Grand Rapids & I. R. R. Co.*, 246 N. Y. 194.) It is usually

unnecessary where a full and adequate remedy is already provided by another well-known form of action. The general purpose of a declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations. (*Brownell* v. *Board of Education,* 239 N. Y. 369; *Sartorious* v. *Cohen,* 249 N. Y. 31.) No limitation has been placed or attempted to be placed upon its use, and yet this main purpose underlies the exercise of discretion. (See ' The Declaratory Judgment,' by Prof. Edwin M. Borchard, 28 Yale Law Journal, 105; *Braman* v. *Babcock,* 98 Conn. 549, 553.) Where there is no necessity for resorting to the declaratory judgment it should not be employed.''

Latham has alleged that Mayflower's codistributorship contract was terminated by Thor and that Latham was duly appointed sole distributor in the given territory. The issue as to whether the Mayflower-Thor contract was cancelable at the will of Thor is presently pending undetermined in the Superior Court of the State of New Jersey. If Latham, a corporation qualified to do business in New Jersey, deems its rights affected by that litigation, it can readily intervene therein to protect such rights as it claims.

The law is well settled that when another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains such jurisdiction (*Wollard* v. *Schaffer Stores Co.,* 272 N. Y. 304, 311; *Colson* v. *Pelgram,* 259 N. Y. 370. *supra*). The policy of the New York courts is to permit adjudication of an issue in the court to which the issue is first presented. The obvious purpose of the rule is to preclude the possibility of conflicting results in various courts, which would lead only to chaos and confusion.

If, as Latham asserts, it has a claim against appellants for malicious interference by them of plaintiff's contractual relations with Thor, plaintiff has a full and adequate remedy *at law* for such relief.

On the facts alleged a proper case is not presented for invoking the jurisdiction of the court to make a declaratory judgment. The complaint should have been dismissed, as a matter of law and in the exercise of the court's discretion.

The order should accordingly be reversed, with $20 costs and disbursements and the complaint dismissed.

CALLAHAN, J. (dissenting). Assuming that it might not be proper to grant the injunctive relief sought, I consider that the pleading sufficiently sets forth a cause of action for a declaration of the rights and legal relations of the parties. Declaratory judgment should not be denied on the theory that plaintiff may obtain relief by intervening in the New Jersey action. Relief should not be denied by the courts of this State to a New York resident upon that ground. Furthermore, the action in New Jersey was not between the same parties and, therefore, such cases as *Colson* v. *Pelgram* (259 N. Y. 370) and *Willard* v. *Schaffer Stores Co.* (272 N. Y. 304) are distinguishable. There are sufficient jural relations between plaintiff and defendants Mayflower, Segal Corporation and Segal to sustain an action for declaratory judgment when the latter are interfering with plaintiff's opportunity to enjoy the fruits of his contract with Thor. The real controversy between those parties is which one of them is entitled to sell Thor products in the metropolitan territory and an action for malicious interference with contract rights might fail to settle this controversy, or otherwise be an inadequate remedy.

I vote to affirm the order sustaining the complaint.

PECK, P. J., GLENNON and SHIENTAG, JJ., concur with COHN, J.; CALLAHAN, J., dissents and votes to affirm, in opinion.

Order reversed, with one bill of $20 costs and disbursements to the appellants and the motion granted, and judgment is directed to be entered dismissing the complaint herein, with costs.