William B. Groat, J.
The plaintiff Tom Pitsanis and the defendant are brothers. The coplaintiff George Pitsanis is their nephew. For some 40 years prior to the death of his wife on May 27, 1957, Tom resided in Ambridge, Pennsylvania, where they owned real property as tenants by the entirety. A few days after his wife’s death Tom, elderly and childless, came to New York to stay with the defendant, at whose house the nephew also resided. Soon thereafter the latter set up a residence of his own and Tom moved in with him. They both went to Europe in August, 1957, and upon their return to the United States in October of that year they again took up residence together in New York.
On October 25, 1957, Tom conveyed to his nephew his Ambridge, Pennsylvania, real property, the deed to which was recorded on November 27, 1957. Subsequently, and on February 27,1958, George and his wife contracted to sell that property to Helen Guzyk of Ambridge, Pennsylvania, for the sum of $52,500. Tom joined in that contract. •
In March, 1958 the defendant herein petitioned the Court of Common Pleas of Beaver County, Pennsylvania, to have himself appointed guardian ad litem of Tom to conduct the proceedings in an action in equity which he had brought in that court against his nephew, George, and Helen Guzyk, the Pennsylvania resident who contracted to purchase the property as aforesaid. He was duly appointed such guardian ad litem on March 13, 1958.
In the complaint filed in equity with the Pennsylvania court the defendant herein, as guardian ad litem for Tom, claimed that the latter was in fact a domiciliary of Ambridge, Pennsylvania, did not have the mental capacity to transact his business affairs, did not have sufficient mental capacity to execute the deed dated October 25, 1957, conveying his property to his nephew without consideration, nor did he have mental capacity to enter into the written contract dated February 27, 1958, for the sale of said property to Helen Guzyk.
On the basis of the foregoing an injunction was sought restraining the defendants in that action from transferring or incumbering the real property, except by order of the court, to find Tom mentally incompetent as of May 27, 1957, and prior thereto, to declare his deed to his nephew void because of the grantor’s mental incapacity, and for like reason to declare the contract of sale with Helen Guzyk void and for incidental relief.
When service of process was completed in the Pennsylvania action the plaintiffs herein commenced this action on March 25, 1958, to enjoin the defendant, individually or as guardian ad *792 litem, from prosecuting the Pennsylvania action and from interfering with the sale, transfer and conveyance of the Pennsylvania property, and with any of the property or rights of the plaintiffs, and from bringing any action or proceeding pertaining to the affairs of the plaintiff Tom in any State other than in New York. Plaintiffs seek also a declaration that Tom is a person of sound mind and competent to manage his affairs and to declare that the order" made and entered in the Pennsylvania court on March 13, 1958, appointing the defendant Tom’s guardian ad litem is null and void and of no binding effect.
Plaintiffs in this action have now moved for a temporary injunction to restrain the defendant, his agents or employees from interfering with the sale, transfer and conveyance of Tom’s property in Pennsylvania and from proceeding with the action pending in the Court of Common Pleas, Beaver County, Pennsylvania. By cross motion the defendant moved to dismiss the complaint upon the ground that this court does not have jurisdiction of the subject matter of the action, since it relates to the validity of a transfer of property located in another State, and to other matters presented by the prior action in that State, and that the complaint herein does not state facts sufficient to constitute a cause of action.
Inasmuch as the real property involved is located in Pennsylvania where Tom resided for some 40 years prior to the death of his wife; and the purchaser of the property from the plaintiffs is a party to the Pennsylvania action and not to the action pending in this court; and every possible issue presented in the action here can be litigated in the prior action in Pennsylvania, this court is of the opinion that it should follow the general rule and ‘ ‘ decline to interfere by injunction to restrain its citizens from proceeding in an action commenced in the courts of a sister State.” (Latham Co. v. Mayflower Ind., 278 App. Div. 90, 94.)
It cannot be said upon the record now before this court that the Pennsylvania action was brought in bad faith, for the purpose of harassing the plaintiffs herein, or to evade the law of the domicile of the parties. On the contrary, in view of the locale of the property and the residence of its purchaser outside this jurisdiction, complete relief may not be granted here. Accordingly, plaintiffs’ motion for a temporary injunction is denied and the defendant’s cross motion to dismiss the complaint granted, solely, however, upon the ground that this court has not complete jurisdiction of the subject matter of the action.
Settle order.