OPINION OF THE COURT
Richard W. Wallach, J.
Plaintiffs seek the extraordinary remedy of enjoining defendant from reinstituting criminal actions against them in the Criminal Court of the City of New York after successive dismissals. As a general rule courts will decline to grant such relief unless "exceptional circumstances are shown to exist which require such [a] drastic remedy” (Merritt-Chapman & Scott Corp. v Mutual Benefit Life Ins. Co., 237 App Div 70, 73). Notwithstanding that well-settled principle, the court finds exceptional circumstances to exist herein to warrant some limited departure from the general rule.
On or about January 7, 1975, Quinlan acquired title to the premises known as 111 West 70th Street in the Borough of *128 Manhattan. Plaintiff Kissin is Quinlan’s attorney. Defendant, Lender, who is incidentally a licensed real estate broker, has asserted that he was a tenant of the premises, and has asserted several civil and criminal proceedings against Quinlan based upon an alleged illegal lockout and interference with his property (Administrative Code of City of New York, § Y51-10.0, subd b).
On April 29, 1976, Lender’s first criminal proceeding, brought by him as complainant upon the alleged illegal lockout, came on before Honorable Howard Goldfuss, then Judge of the Criminal Court. This action was discontinued upon a statement to the court by Assistant District Attorney Harvey Rosen that Lender had falsely represented to the court on an earlier occasion that the matter was being prosecuted by Assistant District Attorney Mirabile. The following then appears in the minutes (by Mr. Rosen): "Mr. Mirabile’s sole connection with the case is that there was a time in the fall of 1975 when Mr. Joseph Lender was a defendant. Mr. Mirabile prosecuted that action. Mr. Joseph Lender had no right to tell this Court that Mr. Mirabile was handling this action or that the District Attorney was prosecuting it * * * This matter should never have been brought here. It is civil in nature.”
The case was thereupon dismissed by the court.
Clearly, the dismissal on that occasion was in part based upon Lender’s earlier fraud upon the court.
Since that dismissal, two other abortive prosecutions have been instituted by Lender against Quinlan. There have been proceedings before the rent commission which were dismissed, special proceedings in Civil Court, defamation actions in Supreme Court, criminal "lockout” proceedings against Quinlan’s superintendent, and two attempted assault prosecutions of Kissin in Criminal Court. A strong showing of harassment for harassment’s sake has been shown. In response, there is no affidavit of merits from Lender himself, but simply argument of his counsel.
While courts are reluctant to interfere with other tribunals and litigants’ free access to them, "There are exceptions as where it can be shown that the suit sought to be restrained, is not brought in good faith, or that it was instituted for the purpose of vexing or harassing the party seeking the injunction. A * * * suit will also be enjoined where it is motivated by fraud” (Latham & Co. v Mayflower Inds., 278 App Div 90, *129 94; cf. South Fed. St. Assoc. v Iron Fireman Mfg. Co., 23 Misc 2d 1070).
Accordingly, defendant is enjoined from any further prosecutions in the Criminal Court of the City of New York or elsewhere of plaintiffs, their agents, servants and/or employees, arising out of any alleged lockout or interference with defendant Lender’s possession or property at the premises known as 111 West 70th Street, in the Borough of Manhattan, City and State of New York. The balance of the application, as it may pertain to other proceedings, is denied.